### J. GUTHRIE COKE *v.* J. ALLEN PORTER, ET AL.

**Pleading—Petition Alleging Action on Supersedeas Bond.**
> A petition, alleging the execution of a supersedeas bond, and all facts of its course through the Appellate Court, constitutes a good cause of action.

**Same—Demurrer.**
> A demurrer to such petition should be overruled.

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P.

May 1, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

It is alleged in the petition of appellant that appellee covenanted in the bond sued on that Porter & Brooks would pay to appellant *all costs and damages* that might be adjudged against them on the appeal, that they would satisfy, and perform the said decree in case it should be affirmed, and any judgment, or order, which the Court of Appeals might render, or direct the inferior court to render, &c.

A copy of the supersedeas bond is filed, which is made the foundation of the action, containing the covenants substantially as recited.

And it averred that on the 17th of November, 1869, that the

Court of Appeals adjudged that there was no error in the judgment appealed from, that the same be affirmed, and that the appellee in said appeal recover from appellant ten per cent damages on the amount superceded, that the amount superceded was $1,687.48, being debt and interest up to the 2nd of February, 1869, and 33 85-100 costs; that ten per cent damages amounted to $172.20, to which he was entitled by reason of said affirmance, and judgment of the Court of Appeals, which was then due and unpaid, and for which he prayed judgment.

The covenant on the part of appellees to pay such damages as this court might adjudge in the appeal in case of affirmance, that the judgment was affirmed with ten per cent damages on the amount superceded, the precise amount of the damages, and he non-payment thereof, are all distinctly set forth in the petition. The covenant and the breach are well pleaded, and a good cause of action set forth in the petition, and consequently the demurrer to it should have been overruled. Wherefore, the judgment is *reversed,* and the cause is remanded, with directions to overrule the demurrer to the petition and for further proceedings consistent with this opinion.

*Arbegust, for appellant.*

*Stratton, for appellee.*