Tong, &c., v. Eifort, &c.

CASE 29—EQUITY—MARCH 17, 1882.

# Tong, &c., v. Eifort, &c.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. The husband mortgaged to appellee Eifort a tract of land, but the wife did not join with him. The homestead did not pass 'by the mortgage.
2. The husband and wife had the right, with or without a valuable consideration, to sell and convey the homestead regardless of the claims of creditors.
3. No averment is made that appellants received any estate from Wm. Tong, the debtor. It was error, therefore, to render a personal judgment against them.

ROE & ROE AND T. H. POYNTER FOR APPELLANTS.

1. The wife of the mortgagor Tong having failed or refused to join with him, he retained his homestead in the land.
2. The homestead is not subject to the debts of Tong, and undoubtedly he had the right to sell and convey it to any person; and inasmuch as it was exempt from debts, the question of consideration is with him and not with his creditors.
3. No estate of any kind was derived by appellants from Wm. Tong, and the personal judgment against them is erroneous. (Gen. Stat., chap. 38, art. 13, secs. 12 and 13; Lear v. Totten, 14 Bush, 101; Brookes v. Collins, 11 *Ib.*, 622; 6 *Ib.*, 517.)

B. F. BENNETT AND ED. F. DULIN FOR APPELLEES.

1. There was no error in directing a sale of the homestead that had been assigned to Wm. Tong to be sold, subject to the life-interest of his widow.
2. The mortgage made by the husband gave priority to Mrs. Eifort over all others, subject, however, to the widow's estate for life.
3. Only so much as would pay appellee's debt was ordered to be sold. If it took all, certainly appellants were not prejudiced. (Gen. Stat., chap. 38, art. 13, sec. 14; Lear v. Totten, 14 Bush, 104; Long v. Gaines, 4 Bush, 416; 3 Met., 182; Civ. Code, secs. 500 to 512; Stuart v. Barrow, 7 Bush, 371; 10 *Ib.*, 92; Bartlette v. Barronne, 13 *Ib.*, 45.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Wm. Tong executed a mortgage on a tract of land, which embraced his homestead, to Rachel Eifort, to secure the payment of $1,000, which she had lent to him.

His wife did not subscribe or acknowledge the mortgage.

Thereafter an execution was levied on said land, and six acres, including the dwelling-house, being first set apart as a homestead to Tong, the remainder was, under the execution, sold subject to the mortgage.

Subsequently Tong and wife, in consideration of past services, and an agreement to clothe, support, and maintain them during their natural lives, sold and conveyed the homestead in fee-simple to Henry Tong and his sister, Mrs. Cartwright.

Mrs. Eifort and her husband sought to foreclose her mortgage during the lifetime of Wm. Tong, who died pending the action, which was revived against his widow and heirs.

Two of them, the vendees in fee of the homestead, asserted title thereto by appropriate pleadings, which Mrs. Eifort and her husband controverted, and alleged that their purchase was fraudulent.

No testimony was taken by either party, and the court, upon the pleadings and exhibits, which consisted in the various conveyances, adjudged that the whole tract, including the homestead, be sold subject to the right of occupancy by Tong's widow and children during her natural life; and also rendered a personal judgment against the widow, son, daughter, and son-in-law of Wm. Tong for the amount of Mrs. Eifort's mortgage, and the taxes for two years which had become due upon said land.

From that judgment the widow and children appeal.

And the first question is, whether the mortgage to Mrs. Eifort conveyed to her the homestead of Wm. Tong.

Section 13, of article 13, chapter 38, General Statutes, has been hitherto construed by this court, in the case of Lear, &c., v. Totten, &c., 14 Bush, 103, the facts of which are similar to those of this case.

It was held in that case, Totten having executed a mort-- gage embracing the homestead in which the wife did not. unite, and subsequently joined his wife in an absolute sale and conveyance in fee of the homestead, that the only right the mortgagees acquired was a lien on the land subject to the homestead exemption, and that when the homestead was set apart, and the balance of the land sold, the lien of the mortgagees was exhausted.

The reason given in support of that opinion is this: That "the creditor cannot subject the homestead to the payment. of his debt by reason of any mortgage, unless the exemption is waived as provided by statute."

And the statute expressly says that "no mortgage, re- lease, or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant *and his wife*, and acknowledged," &c.

The mortgage by Wm. Tong did not convey his right or interest in the homestead, simply because the mortgage was not subscribed and acknowledged by his wife in conformity to the requisitions of the statute; and, as held in the case cited, there is no reason why Tong had not the right to sell it, as he might have done had no mortgage been executed.

The sale and conveyance to the son and daughter was absolute, and although the recital of a valuable considera- tion in the deed is no evidence against the appellees, who were neither parties nor privies to it, the conveyance is valid, as the grantor had the right, with or without a valua- ble consideration, to sell and convey his homestead regard- less of the claims of his creditors, it being exempt from. their demands.

The appellees did not allege in any of their pleadings. that the appellants, or either of them, had received any assets from their ancestor; hence the personal judgment against them for his debts was erroneous. (Anderson, &c., v. Billis' adm'r, 2 Duvall, 388.)

Henry Tong alleged, and it was not denied, that he had paid $41 of the taxes which Mrs. Eifort had discharged, and he should have been credited with that sum. The failure of the court to allow this credit was not a clerical misprision, but an error of law, because the pleadings of the appellant, Henry Tong, entitled him thereto, and the appellees nowhere stated in their pleadings the amount or acknowledged the credit.

Therefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.