(125 N. W. 1024.)

---

RICHARD McGREGOR v. HENRY HARM AND JOHN C. OESCHGER, CO-PARTNERS AS HARM & OESCHGER.

Opinion filed March 8, 1910.
Rehearing denied April 13, 1910.

**Master and Servant — Compensation — Extra Hours.**

1. Compensation for work, within the scope of a regular employment in addition to the usual but not fixed hours for a day's work,

cannot be recovered in the absence of a contract therefor, unless the contract was entered into in reference to a controlling custom.

### Master and Servant — Cause for Discharge — Question for Court.

2. Where the evidence is undisputed as to the cause for a discharge from service under an existing contract, it is a question of law for the court as to sufficiency of such cause.

### Master and Servant — What Will Justify Discharge — Reasonable Hours.

3. Where the employer requests the servant to do additional work not unreasonable in view of the nature of the employment, and the servant refuses such request without cause, such refusal will justify his discharge by the master.

### Master and Servant — Contract Construed — Employment by Week.

4. Where a contract for services as entered into for a sum certain per week, with an additional sum to be paid if the service is continued for one year and the servant remains sober, it is a contract for employment by the week, and not an entire one for a year.

### Appeal and Error — Reversal — Immaterial Error.

5. Evidence of payment in full for all services considered, and it is *held* therefrom that it was not error to refuse to direct the jury to find in plaintiff's favor for a small balance of 39 cents claimed to be unpaid.

### Appeal and Error — Harmless Error.

6. No question of costs being involved, an error affecting that small sum would not be considered, as the principle of de minimis non curat lex applies.

### Appeal and Error — Harmless Error — Striking Out Testimony.

7. Question as to whether it was error to refuse to strike out the answer of a witness on the ground that it was not the best evidence considered, and *held*, not to be prejudically erroneous.

Appeal from District Court, Grand Forks county; *Templeton, J.*

Action by Richard McGregor against Henry Harm and John C. Oeschger. Judgment for defendants, and plaintiff appeals.

Affirmed.

*H. A. Bronson, D. T. Collins* and *L. A. Chance,* for appellant.

Contract is not severable because wages are made payable weekly. Diefenback v. Starck, 56 Wis. 462, 14 N. W. 621; Dugan v. Anderson, 36 Md. 567, 11 Am. Rep. 509; Olmstead v. Bach, 78 Md. 132, 22 L. R. A. 74, 44 Am. St. Rep. 273.

Where servant is discharged before the expiration of the period of his employment, he can recover on a quantum meruit. Tiffany on Domestic Relations, 474; 26 Cyc. 1000 and cases there cited; 8 Current Law, 843; 20 A. E. C. L. 36; Keedy v. Long, 71 Md. 385, 18 Atl. 704; Caldwell v. Myers, 2 S. D. 506, 51 N. W. 210; Ehrlich v. Aetna Life Ins. Co., 88 Mo. 249; Mackubin v. Clarkson, 5 Minn. 247; Milage v. Woodward, 78 N. E. 873; Smith v. Cashie, etc., Co., 142 N. C. 26, 54 S. E. 788; Davidson v. Laughlin, 138 Cal. 320, 71 Pac. 345; 5 L. R. A. (N. S.) 579, and note appended; Price v. Minot, 107 Mass. 49; Hood v. Hampton Plains Exploration Co., 106 Fed. 408.

Whether there were sufficient grounds to discharge a servant is for the jury. Knutson v. Knapp, 35 Wis. 86; Lippus v. Columbus Watch Co., 7 N. Y. S. 478; Stover Mfg. Co. v. Latz, 42 Ill. App. 230; Waxelbaum v. Limberger, 78 Ga. 43; Conklin v. Woodbury Dormatological Institute, 51 N. Y. App. Div. 638; Peniston v. John Huber Co., 196 Pa. St. 580.

Servant need not work unreasonable hours after a full day is served. Wood on Master & Servant (2d Ed.) 227; Koplitz v. Powell, 56 Wis. 671, 14 N. W. 831; Wyngert v. Norton, 4 Mich. 286.

Contract and discharge being shown, it was for the master to show a justification. Webb v. Whitesell, 87 N. Y. S. 454; Sun Print. & Pub. Ass'n v. Edwards (C. C. A.), 136 Fed. 591; Eubanks v. Alspaugh (N. C.), 52 S. E. 207; Johnson v. Crookston Lumber Co., 100 N. W. 225; Marsh v. Bergman, 84 N. Y. S. 469; Day v. Am. Machinist Press, 86 App. Div. (N. Y.) 613.

Not liable to discharge for disobedience of orders involving no serious consequences to employer. Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637; Hamilton v. Love, 152 Ind. 641, 53 N. E. 181; 71 Am. St. Rep. 384; Leatherberry v. Odell, 7 Fed. 641; Shaver v. Ingham, 58 Mich. 649, 55 Am. Rep. 712.

On justifiable discharge servant may recover for services rendered, less offset in damages. Hildebrand v. American Fine Art Co., 109 Wis. 171, 53 L. R. A. 826; Fisher v. Wash, 102 Wis. 172, 43 L. R. A. 810, 78 N. W. 437; Fulton v. Heffelfinger, 23 Ind. App 104, 54 N. E. 1079; Lambert v. King, 12 La. Ann. 662; McWilliams v. Elder, 52 La. Ann. 995, 27 So. 352; Lawrence v. Gullifer, 38 Me. 532; Shute v. McVitie, 72 S. W. 433; Bedow v. Tonkin, 59 N. W. 222; Pixler v. Nichols, 8 Iowa, 106; Duncan v. Baker,

21 Kan. 99; Parcell v. McComber, 7 N. W. 529; Hillyard v. Crabtree, 11 Tex. 264; Children of Israel v. Peres, 2 Coldw. (Tenn.) 620; Mellonee v. Duff, 72 Md. 383, 19 Atl. 708.

*Skulason & Burtness* and *F. C. Massee,* for respondent.

Servant cannot recover for extra work outside of his employment. Luske v. Hotchkiss, 37 Conn. 219, 9 Am. Rep. 314; Levi v. Reid, 91 Ill. App. 430; Mathison v. New York Cent. etc., R. Co., 76 N. Y. S. 89; Koplitz v. Powell, 56 Wis. 671, 14 N. W. 831; Steam Dredge No. 1, 87 Fed. 760; Forster v. Green, 69 N. W. 647; Schurr v. Savigny, 48 N. W. 547; Cany v. Halleck, 9 Cal. 198; 34 Cent. Dig. "Master & Servant," section 87; 20 A. E. C. L. 19.

MORGAN, C. J. Action for an alleged balance of wages. The plaintiff was employed by the defendants as bartender in East Grand Forks, Minn., and worked as such from April 23 to August 26, 1907, for the agreed wages of $25 per week. On August 26th a new contract was entered into, under which defendants were to pay the plaintiff $20 per week, and, if he worked one year and kept sober, he was to receive $5 per week in addition. According to the record, there is no substantial controversy as to the terms of the contract. A careful reading of the plaintiff's evidence clearly shows the above to have been the substance of the contract. In respect to this contract, one of the defendants testifies as follows: "At that time we made a new arrangement with him to pay him $20 a week salary, and, if he remained sober in our employ one year, we agreed to give him $250 at the end of the year. I cut him from $25 to $20 per week in order to keep him sober." In reference to the contract, the plaintiff testifies as follows:. "At that time Mr. Oeschger told me he wanted to put me back to work, and he told me he would pay me the same wages he had been paying me. That was $25. He says, 'We will pay you $20 every week,' and at the end of the year they would pay me this holdback, and I told them this was satisfactory to me. That is, at the end of the year, if I stayed one year, I was to get an amount equal to $5 per week through the year, and if I kept sober." The plaintiff worked to the satisfaction of the defendants under the new contract from its date to March 30, 1908. On that day the plaintiff refused to work for an hour after his quitting hour that day at the request of one of the defendants. On the next morning the defendants discharged him, and this action was brought to recover the sum of $163.95 as the balance claimed to

be due on the new contract. The action is brought to recover the $5 per week, and for certain extra time that plaintiff worked. The answer is a general denial and an allegation of payment in full. The trial court submitted the question of payment as to one item to the jury under proper instructions, and they found for the defendants. Plaintiff appeals, and assigns five errors as grounds for a reversal of the judgment. We will notice the controlling assignments.

Some of them are based on the action of the court in reference to additional compensation for working outside or in addition to the regular hours. There was no showing whatever that the contract provided for pay for such extra work, if it may be called extra work, in view of the character of the employment, and that the working hours were not regular. In the absence of such showing, we deem it well settled as a proposition of law that no extra compensation is allowable. There was no error, therefore, in refusing to submit the question of compensation for working on some days more than the regular time during which the plaintiff was generally asked to work.

It is claimed that the plaintiff was discharged without cause, and is therefore entitled to pay for the $5 per week during each week from August 26th. The facts in reference to the discharge are not in dispute. The trial court held from such undisputed evidence that the discharge was for cause. We affirm that conclusion after a careful examination of the evidence. One of the defendants requested the plaintiff to remain at work on March 30th while said defendant went to supper, which would be about an hour's extra time. The plaintiff refused to do so. No fixed hours of work for each day, nor the hours during which the plaintiff should work during the day were specified in the contract. There were at times three bartenders, and at others two, and the hours during which each should work were fixed by the defendants, and these varied at times. During a part of the time the hours during which the plaintiff should work were fixed, and were at times varied at the request of the defendant. March 30th, when this request was made of the plaintiff, was an election day in said city, and plaintiff had only been on duty from 9 a. m. to 5 p. m., excepting an absence for dinner. During his employment plaintiff had occasionally worked 12 hours, and on several occasions had worked more than the allotted hours at the request of the defendants.

Nothing had ever been said by the plaintiff or defendants as to special compensation for service during those additional hours. In view of the nature of the business and the fact that the contract did not provide how many hours should be considered a day's work, and no other fact appearing from which it may be reasonably deduced that a certain number of hours should be deemed a day's work, or that the plaintiff could not be called upon to work longer hours, there is no foundation for the claim that the discharge was without cause. On this day plaintiff had only worked seven and a half hours, or at the most, eight hours. We deem the refusal to comply with the defendant's request an unreasonable one, and it justified the defendants in discharging the plaintiff. As to whether the discharge was justified, the evidence is undisputed. It is therefore a question of law whether the discharge was without cause. There was no question of fact in respect to the cause of the discharge. It was therefore not error to take that question away from the jury. We think it would have been error to submit it to the jury.

Considerable is said in the briefs as to whether the contract in question is an entire one or severable. In view of the fact that we find that the plaintiff refused to perform the contract without just cause, it is immaterial as to the nature of the contract. If the plaintiff had been discharged without cause, a different question would have been presented. We think it clear, however, that this was not a contract for a year at $20 per week. It was a contract for $20 per week, and, if the plaintiff worked a year, he would be entitled to an additional $5 per week if he remained sober. Under this contract, the plaintiff could have quit at any time without affecting the obligation of the parties at all, except as to paying the extra money. There is a dispute as to whether the plaintiff had been paid for one day, being the first Monday he worked under the new contract. The trial court expressly submitted this question to the jury, and it found for the defendants. The first check which plaintiff received under the new contract was for $24.25, and it is defendant's contention that this was a payment in full under the old contract and up to the first Monday, at 7 o'clock p. m. under the new contract. Plaintiff has been paid $20 each week since said day by checks which show that they are in full for all services up to date. The plaintiff is uncertain as to whether the $24.25 check does or does not include pay for this

one day, and is uncertain as to what it did include. His acceptance of these checks each week since August 26th is strong evidence that he has been paid for this day, and, the jury having so found, the verdict should not be disturbed.

. We do not think that there is any question of quantum meruit compensation in this case. The discharge from service was for an adequate cause, and no claim for the $5 per week extra arises, as plaintiff has not performed the contract so as to entitle him to any more than the pyment of the $20 per week, and this is admitted to have been paid.                                .

It is also claimed that the trial court erred in refusing to direct a verdict for the plaintiff for the sum of 39 cents claimed to be due the plaintiff. It is claimed that the check for $24.25 should have been given for $24.64. The weekly checks from August 26th were given and accepted for full payment for all services up to date. The checks show this fact, and the witness Thompson so testifies. The plaintiff does not testify what the items composing the check for $24.25 were, and is unable to state what this sum was made up of. From April 26th to March 30th the parties dealt with each other in a manner showing unequivocally that there had been full payment of all sums due on the old contract, and on the new contract as well. This check was made up of eight days' work under the new contract and one-half day's work under the old contract, and was undoubtedly intended to include all sums due the plaintiff on account of all services at its date. We do not therefore think that it was error to refuse to submit this question to the jury in view of the conduct of the plaintiff in accepting these weekly checks as full payment. If, however, it clearly appeared that there was due to the plaintiff the sum of 39 cents, we should not deem ourselves called upon to reverse the judgment for that reason, as the only question is whether the sum of 39 cents has been paid. It is a question where the doctrine or principle, "De minimis non curat lex," should be applied. No question of costs is involved. Hass v. Prescott, 38 Wis. 146; Sutherland on Damages (2d Ed.) section 11; Kenyon v. N. W. Union Tel. Co., 100 Cal. 454, 35 Pac. 75.

It is claimed that it was error not to grant plaintiff's motion to strike out certain portions of the testimony of the witness Thompson, who was the bookkeeper of the defendants during the time that the plaintiff worked for them. Thompson drew the check for $24.25, and testified that it was delivered and accepted as pay-

ment in full for all past services. His entire testimony considered together shows that he was testifying from memory principally, although on cross-examination he stated that all he knew about the matter was from the books. In view of the positive testimony of this witness that the plaintiff accepted this check as full payment, we do not think that it was prejudicially erroneous to refuse to strike out that portion of the witness' testimony relating to the payment of all sums due March 30th. If this testimony had been stricken out, the plaintiff's testimony would still remain upon the record as to this check, and also Thompson's testimony as to the fact that the plaintiff had accepted this check in full payment for all services. There was no motion to strike out all of the testimony of Thompson. In view of this fact, it was not prejudicial error to refuse to strike out the testimony on the ground that it was not the best evidence.

The judgment is therefore affirmed. All concur.