## Gaines, et al. v. Madisonville, Hartford & Eastern R. R. Co.

(Decided April 20, 1911.)

Appeal-from Ohio Circuit Court.

Instructions.—A party can not complain that the court failed to instruct the jury in the manner they should have been, when no instruction was offered presenting the view of the case contended for. Nor will a party be heard to complain of an instruction that is substantially the same as one offered by himself.

HEAVRIN & WOODWARD for appellant.

GLENN & SIMMERMAN, BENJAMIN D. WARFIELD and CHARLES H. MOORMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In condemnation proceedings instituted by the appellee company against the appellant, the judgment gave the appellee company the right of way through the lands of the appellant and authorized it to divert the waters of a creek from the channel in which it runs, and also provided that it should put in and maintain at points designated in the judgment two farm crossings over its line of railroad, to be used by the appellant, and—"should it appear to be necessary, defendant (appellant) is permitted to make one additional crossing over said line of railroad, at his own expense, subject to the supervision of the plaintiff's company, the same to be located at a point near the location of the defendant's barn, near said line of right of way."

Charging that the appellee company in violation of the obligations imposed upon it by the judgment, negligently and wrongfully failed and refused to furnish proper outlets or drainage for the natural water of the creek, and that it refused to construct and maintain the two crossings mentioned, and that when appellant attempted to construct the third crossing, which he was given the right to do by the judgment, the appellee built an embankment in front of the crossing so as to prevent his use of it, he sought judgment in the sum of $611.00. Upon a trial the jury assessed his damages at $90.00, and he appeals.

Although section 341 of the Civil Code provides that a new trial shall not be granted on account of the smallness of damages in actions like this, yet when the smallness of damages are attributable to errors committed by the trial court affecting the substantial rights of the complaining party, the fact that the judgment cannot be reversed because of the small amount recovered does not preclude this Court from granting a new trial if it should be granted for other reasons appearing in the record. Pendly v. Illinois Central R. Co., 28 Ky. L. R. 1324.

The errors assigned by counsel for the appellant refer to the conduct of the company in respect to the crossings, and so it is not necessary to encumber the opinion with a statement of the facts concerning the damages claimed on account of the alleged negligence in respect to the creek and outlets thereto. We think the court properly presented to the jury the issues made as to the two crossings that the railroad company obligated itself to establish and maintain, and we do not understand that counsel for the appellant seriously complains that the court committed reversible error in the instructions relating to these crossings. There was sharp conflict in the evidence, not only as to whether the railroad company performed the conditions imposed upon it in the condemnation proceedings but as to the amount of damage sustained by appellant on account of the alleged failure to construct and maintain these crossings. The serious complaint of counsel is directed to the action of the court in respect to the crossing that appellant had the right to erect. Appellant testifies in substance that when the railroad company failed and refused to maintain in a suitable condition for travel the two crossings it had erected, that he attempted to make the crossing the judgment gave him the right to establish. It appears that he

was making this crossing at a point opposite his barn, and was cutting down an embankment five or six feet on the side of the railroad, so that he might make it serviceable; that while he was engaged in cutting this bank down, the chief engineer of the railroad came up and said to him—"That is a very bad point to put in a crossing, and I will have to trouble you; you are taking this bank down here and you are filling up the ditch, and if you do that I will sue you; I will have to forbid you putting that crossing in there." That notwithstanding this request and threat of the engineer, he cut down the embankment and did some hauling across the railroad. That on the next day when he went back, a pile of dirt several feet long and about three feet high had been put on the side of the railroad by a contractor in such a manner as to obstruct the use of the crossing. The engineer says that he told the appellant that the way he was fixing the crossing would endanger the road by turning the water down in the cut and besides, as it was in a cut and around a curve it was a dangerous place to have a crossing, and that he would have to stop digging the bank away. He further said that at that time the cut was not completed and the contractor was placing the waste material from the road bed along by the side of the cut, not only at the point where the crossing was but at other places, and that the contractor without any suggestion from him put waste dirt at the point where the appellant had been preparing to make his crossing.

With the evidence in this conditon the court instructed the jury that—

"As to the crossing that the plaintiff had the right to construct under his contract and agreement with the defendant, the jury cannot find any sum for damages on that account, except they believe from the evidence that the defendant's agents and servants, with force, prevented him from making his crossing and crossing at the point where he had the right to make it."

Counsel for the appellant asked the court to give the following instruction, which was refused—

"If the jury further believe that the third crossing was necessary in the vicinity of plaintiff's barn, and that defendant refused to allow plaintiff to construct it, and by force or duress prevented his use thereof, then, in such event, the law is for the plaintiff, and the jury should find as set out in instruction No. II."

It will be observed that there is no substantial difference between the instruction the court gave and the one asked by counsel. But, counsel insists that the court committed serious error in failing to instruct the jury that the plaintiff below was entitled to recover if his right to make what is called the "third crossing" was interfered with or the crossing after he had made it was obstructed by the railroad company. But no instruction presenting this view of the case was submitted by counsel for appellant, and this would be a sufficient answer to the complaint now made by counsel. But, aside from this, it is doubtful if there was any evidence authorizing the court to submit an instruction entitling the plaintiff to damages on account of this crossing, as it does not appear that the railroad company directed the obstruction of the crossing.

It is also pointed out as error that the trial judge more than once during the trial in ruling upon questions of evidence expressed to and in the presence of the jury his opinion of the law applicable to the case. If these verbal instructions had been erroneous expositions of the law, probably the jury might have been misled by them. But when the court came to instruct the jury he followed the trend of his remarks to the jury and attorneys and so we cannot say that his remarks were prejudicial.

It is further said that the court erred in telling the jury that:—

"If they believe from the evidence that the defendant constructed the two crossings referred to in the evidence and made them reasonably safe and serviceable to the plaintiff, and the defendant did not obstruct the plaintiff in the free use of said crossings, or did not tear them up and render them impassable for an unreasonable length of time, then they ought to find for the defendant on account of the damages claimed by the plaintiff for crossings."

We do not see anything objectionable in this instruction. The court had practically the same view of the law as counsel for the plaintiff, because one of the instructions offered by counsel and refused, reads:

"If the jury believe from the evidence that the defendant constructed and maintained two reasonably safe and serviceable crossings at the point contracted for, after the construction of said railroad, and they further believe that the plaintiff's crossing was not wilfully obstructed or stopped by force or duress of the defendant,

then the jury should find for the defendant on the issues relating to said crossings."

Upon a consideration of the entire record we are of the opinion that no substantial error to the prejudice of the appellant was committed by the trial court. The jury evidently believed after hearing all the evidence that appellant had only been damaged to the extent of $90.00, and they awarded him this amount. The judgment is affirmed.