## Anderson v. Thullen.

(Decided November 21, 1924.)

### Appeal from Campbell Circuit Court.

1. **Appeal and Error—Evidence of Value Admitted Without Objection Held Sufficient to Sustain Verdict, Though Market Value Not Shown.**—Where plaintiff testified without objection that reason-

able value of furniture was certain sum, and another witness testified without objection that his company in reclaiming goods took them back at same percentage of cost value as was adopted by plaintiff, verdict of jury on that basis will not be disturbed on appeal, notwithstanding technical differences between "reasonable value" and "market value."

2. Appeal and Error—Error in Computing Damages Held too Slight to Warrant Reversal.—Error of $28.35 in computing verdict for damages for conversion is too slight to warrant reversal of judgment for $702.25.

3. New Trial—Application on Ground of Newly Discovered Evidence Held Properly Denied.—Application by defendant for new trial on ground of newly discovered evidence, consisting of matter which witness subpoenaed by plaintiff would have testified to, was properly denied, where such witness was not introduced by plaintiff; defendant being tardy in not discovering before close of trial what such witness knew.

HOWARD M. BENTON for appellant.

JOHN W. HEUVER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action for conversion of household goods by the defendant, who appeals from a judgment against him for their value fixed by the verdict at $702.25, and assigns three grounds for reversal.

His first contention is that there was no evidence of any such market value. Plaintiff in her testimony stated without objection that such was their reasonable value when converted, and the witness, Theodore Heck, while stating that he knew of no market value for household goods based upon a percentage of cost, stated that his company in reclaiming such goods from its customers who could not pay for same, took them back, if in reasonably good condition, at the same percentage of cost value as was adopted by Mrs. Thullen in explaining how she ascertained the value of the goods converted.

This evidence was admitted without objection on the question of value, and is therefore sufficient in our judgment to sustain the verdict, notwithstanding the technical differences between "reasonable value" and "market value," which is the sole basis of this contention.

If counsel for defendant desired to make the question of such differences, he should have done so on the trial by objecting to the above evidence, and not having

thus raised the question then, he will not be permitted to avoid the verdict for that reason now.

The next contention is that the verdict is for $28.35 more than is warranted by a calculation upon a percentage of cost plan adopted by the plaintiff in fixing its value when converted. We are not convinced this error, though apparent, is real, but if so it is too slight to warrant a reversal.

The final contention is that a new trial should have been granted for newly discovered evidence.

The basis of this contention is the discovery, after trial, that John A. Myers would have testified that plaintiff authorized the sale of the goods by Voltz, from whom defendant purchased same. Plaintiff, by counter affidavit, denied that this was true. Myers was subpoenaed and attended the trial as a witness for plaintiff but was not introduced by her. She testified that Myers was with Voltz when she committed the goods to the latter's custody, and upon an argument before the jury counsel for defendant commented upon the failure of plaintiff to introduce Myers as a witness, though subpoenaed and present at the trial. Under such circumstances we think defendant should have ascertained before instead of after the trial what Myers knew about the matter, and that the court did not abuse a sound discretion in refusing a new trial because of the tardy discovery of what he would have stated, especially when its truth was denied.

Judgment affirmed.