## Garrison v. Bradford Supply Company.

(Decided June 10, 1932.)

C. F. SPENCER for appellant.

MARCUS C. REDWINE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Affirming.

Some time since, the appellee, Bradford Supply Company, recovered a judgment against Kelly Fulks, who appealed from it to this court, executing a supersedeas bond upon which a supersedeas issued. The appellant, J. M. Garrison, was surety on that supersedeas bond. Fulks did not perfect his appeal, and in due time the appellee had the appeal dismissed in this court. On the filing in the lower court of the mandate of this court dismissing the appeal, the appellee caused an execution to be issued against Fulks which was returned, "No property found." Thereupon this suit was brought against the appellant to recover on the supersedeas bond. A motion to verify the petition and a general demurrer were interposed by the appellant. So far as the record shows, the motion to verify was not directly passed upon, but the demurrer to the petition was overruled. The appellant thereafter failing to file answer when the same was due, judgment went for the appellee as prayed. The appellant then moved the court to set aside the judgment because, first, the pleadings did not support it; secondly, the judgment was a clerical misprision, and, thirdly, the judgment was premature, having been entered when a motion to require the appellee to verify its petition was pending and had not been passed upon. The trial court after hearing the parties on this motion to set aside the judgment, overruled the same, and thereupon this appeal resulted.

Appellant first insists that it was error for the court to enter judgment at a time when the motion to verify was pending and had not been passed upon. However, the court's ruling on the motion to set aside the judgment was in effect a ruling that the appellee did not have to verify its petition, as indeed it did not, since this was a suit on a supersedeas bond, a writing which was filed with the petition. This being true, under subsection 3 of section 116 of the Civil Code of Practice, the petition did not have to be verified.

It is next contended that the court erred in overruling appellant's demurrer to the petition because it did not aver that the judgment which Fulks had appealed from was still in full force and effect: This was not a suit on the judgment, but a suit on the supersedeas bond, which being true, a petition which averred, as this one did, the execution and terms of the bond, the issuance and service of the supersedeas, the dismissal by this court of the appeal from the judgment which the bond superseded, the failure of the judgment debtor to pay the judgment which had been superseded, and the default by the surety on the supersedeas bond in the payment of that bond, sufficiently states a cause of action on the bond. Coke v. Porter, 4 Ky. Op. 26. See also Collins v. Blackburn, 14 B. Mon. 252.

Lastly, it is claimed that the judgment on the supersedeas bond was entered for $38.01 too much. This amount represents the sum of $12.05 costs allowed by this court in dismissing the Fulks appeal and the sum of $25.66 costs recovered by the appellee in its suit against Fulks, there being a discrepancy of 30 cents between the total of these sums and the $38.01. The item of $12.05 is set out in the petition, but that of $25.66 is not expressly set out in that pleading. However, the petition does aver that appellee recovered against Fulks a judgment, copy of which is filed as an exhibit. This exhibit sets out this item of $25.66 costs as part of that judgment. It is averred that the supersedeas bond prevented the collection of this judgment which has not been paid by Fulks. After judgment, where the amount questioned is so small as $25.66 and it is quite apparent from the pleadings that it was rightfully included in the judgment and a reversal would only be for the purpose of correcting a technical defect in a pleading which has not substantially prejudiced any right of the appellant, this

court will not, under such circumstances, reverse such judgment. Cf. Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831; Foley's Admr. v. Robertson's Guardian, 215 Ky. 647, 286 S. W. 851; Anderson v. Thullen, 205 Ky. 664, 266 S. W. 350.

The judgment is affirmed.