## Reno v. Ohio Valley Rock Asphalt Co. et al.

(Decided June 22, 1934.)

J. E. WISE for appellant.

FAUREST & FAUREST for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant sued his lessee, the Ohio Valley Rock Asphalt Company, for $700, which he alleged was due him as royalty for mining and removing asphalt from a particularly described tract containing $1\frac{7}{8}$ acres of land, which he alleged he owned.

The asphalt company admitted the mining and removal of the asphalt, but alleged that its lessors, Carmine Collier and Ruth K. Gilmore, claimed to own this $1\frac{7}{8}$ acres, and because of their claim it had paid no one therefor. It made its answer a cross-petition against Carmine Collier and Ruth Gilmore. They answered and asserted title to this $1\frac{7}{8}$ acres; asked that they be adjudged to be the owners thereof and that the royalty due for the asphalt mined therefrom be paid to them. Appellant by reply put this answer in issue.

The matter was heard upon oral evidence, and the chancellor found Carmine Collier and Ruth Gilmore were the owners of the $1\frac{7}{8}$ acres and dismissed appellant's petition. By subsection 2 of section 337 of the Civil Code of Practice it was appellant's duty to prepare his bill of exceptions at the March term of the Hardin circuit court. He did not do so, and a bill of exceptions filed at a succeeding term, without the time for filing same having been extended as may be done under section 334 of the Civil Code of Practice, having

been stricken, there is but one question left, Do the pleadings support the judgment? The answer is, "They do."

Judgment affirmed.

Whole court sitting.