## Clark v. Mason et al.

(Decided Oct. 12, 1934.)

As Modified on Denial of Rehearing June 21, 1935.

684

JAMES DeBORD for appellant.

JOHNSTON & WYMAN and SETH T. BOAZ for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Graves circuit court, dismissing appellant's action against appellees in which he sought damages in the sum of $1,900 for the alleged malicious cutting and removing of timber from an acre tract of land, adjudged, in a suit

brought in equity to remove cloud on title, to be the property of appellant.

In May, 1930, the appellant, claiming to be the owner of a certain one-acre tract of land located in the corner of a larger tract (purchased by him in February, 1930), filed suit in equity to have his title quieted as against the claim of ownership made thereto by the appellee Mrs. Mason.

In the equity suit it was alleged that the acre in question was a part of a large tract of land which had, in 1885, been conveyed by Silas Mason to W. B. Mason, and in which deed the acre in question was excepted as having been previously conveyed by its then owner to the Salem Church, with the reservation that should the church ever abandon its use for church purposes, the same should revert to the grantor, Silas Mason.

This acre tract was by the said W. B. Mason willed to his wife, the appellee, and her children, who, after taking title to the same as devisees under the will in 1910, joined in conveying the land, with reversionary right to the acre church tract, to one J. F. Wilson, and it was, after succeeding mesne conveyances thereof, finally conveyed under like description and with like reversion on February 8, 1930, to the appellant, W. L. Clark.

Further it appears that in the year 1920, the Salem Church tore down and removed its building from this tract and abandoned its use as a church lot. By way of satisfying the reversionary rights held therein by the heirs of Silas Mason, its grantor, it conveyed the tract to the appellee Mrs. Mason. Mrs. Mason did not have the deed recorded and later lost it. On or about February 7, 1930, the church trustees executed her another deed, in lieu of the former deed which she had lost. Shortly thereafter the appellant, W. L. Clark, filed his suit in equity, seeking to have his title, as grantee of the tract embracing within its boundary this one acre church lot, quieted against the claim of ownership thereof made by the appellee Mrs. Mason.

In this suit in equity, the only relief sought was a determination of the ownership of this one-acre tract, quieting plaintiff's alleged title thereto, and the court adjudged it to W. L. Clark.

In January, 1930, Clark filed suit against the appellees, Mrs. Mason and Guy Whittemore, to recover $1,900 damages against them for the alleged willful trespass and waste committed by them upon this one-acre church tract, to which his title was adjudged quieted.

His petition alleged that Mrs. Mason, while claiming title to the one-acre tract by reason of the conveyance of it to her in February, 1930, by the church, in satisfaction of her claimed reversionary right therein, had sold the merchantable timber thereon to the said Whittemore for $16; that he had cut and removed it from off the tract; and that both the sale and the vendee's cutting and removal of this timber therefrom were willful and wanton acts of trespass and waste committed by the defendants, thereby causing and resulting in his damage to the extent of $200 as the value of the timber, $50 for erosion of the soil caused by the timber's removal, $200 for his lost time, and $250 for his worry and labor rendered necessary for protecting his interests in the land; or, for a total recovery of $700 actual and $1,200 exemplary damages, for which he prayed judgment.

Defendants filed demurrers to said petition and also their motion to transfer the action to equity and consolidate it with plaintiff's equity action, pending therein, to quiet his title, and also answered, traversing the allegations of the petition, and by a second paragraph pleaded the judgment quieting plaintiff's title, which he had secured in the equity suit, as a bar and defense to his second action seeking damages. By yet a further paragraph, Mrs. Mason pleaded that for many years she had been in possession of the said acre tract of land here involved in contest as to title and had in good faith believed herself to be the owner of said land, and that, holding both such record title and possession of it, she sold to the codefendant, Guy Whittemore, the small amount of marketable timber thereon, for which she received $16, which amount represented its fair and reasonable market value, when Whittemore, as purchaser thereof, cut and removed the $16 worth of timber therefrom. The defendants denied that either she or Whittemore had committed any acts of trespass or waste on said land or had damaged the same in any way by the sale, cutting, or removal of the timber, ex-

cept to the extent of the admitted actual value of the timber so cut and removed therefrom in the sum of $16.

Further pleadings made up the issues when, after the taking of extensive proof, upon final submission of the cause for trial and judgment, the jury (under the peremptory instruction of the court) returned a verdict finding for the defendants, on which judgment was at the December term, 1932, awarded, dismissing plaintiff's petition with costs to the defendants.

Thereupon, plaintiff's motion and grounds for a new trial having been submitted and overruled, an appeal therefrom was prayed and granted and time given until the 24th day of March, 1933, term, in which to prepare and file his bill of exceptions.

It further appears by the record that plaintiff failed to file his bill of exceptions during the March, 1933, term of court, but that, without procuring any extension of time therefor (as provided by section 334, Civil Code of Practice), he did file it at the next succeeding August term. The general procedural rule of the Code as to this is that a bill of exceptions, not filed within the time thereby required, will be stricken from the record on motion. Bauer Cooperage Co. v. Ewell & Smith, 149 Ky. 838, 149 S. W. 1137. A bill of exceptions filed at a term later than the next succeeding term after judgment is rendered will not be considered by the Court of Appeals, although it is filed pursuant to an order of court (Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178; Reno v. Ohio Valley Rock Asphalt Co., 255 Ky. 265, 72 S. W. (2d) 1036), the well-settled rule of this jurisdiction being that the requirements of the Code as to the filing of a bill of exceptions are mandatory. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779.

However, while none of these steps were taken by appellant for the filing of his bill of exceptions within the time allowed him in the succeeding March, 1933, term, in keeping with the required procedure provided by the Code of Practice, and appellant could not insist that he has now presented the alleged errors of the trial

court by a duly filed bill of exceptions, he yet contends that such result of his not having so filed it is here avoided by reason of the peculiar facts and circumstances surrounding his filing of, his bill of exceptions at the August, 1933, term, which bring his delayed filing within an exception to the generally required practice and entitle him to have the same treated and considered by us as having been duly and properly filed and as now a part of the record.

These special facts which he urges to excuse his tardy filing of his bill of exceptions on August 7, 1933, rather than on the day fixed in the prior March, 1933, term next succeeding the December, 1932, term, in which the judgment was granted and such time fixed by the court for its filing, are that he could not file his bill of exceptions, as provided for in such judgment, for the reason that the said judgment, although given and ordered entered by the special trial judge at the December, 1932, term of the court, was not at the time given for filing itself effectual as a valid judgment for the reason that same had never been signed by the judge so as to make it effective nor was it signed by him until the following July 14, 1933. This judgment, given and ordered entered by the special judge when trying this case in December, 1932, being ineffectual until signed by the judge, did (it is contended) not support the granted appeal therefrom nor support appellant's filing of a schedule within sixty days thereafter, nor was it, by reason of such defect, sufficient to authorize appellant's filing his bill of exceptions within the time granted therefor or at all until same was properly validated by the judge's signing it.

While the general rule is that a judgment is not required to be signed in order to be effective, the rule of this jurisdiction, however, is that it is deemed indispensable to the validity of a judgment that it be signed by the presiding judge or justice of the court. To such effect, see Farris v. Matthews, 149 Ky. 455, 149 S. W. 896, 898, where the rule is so stated as follows:

"It is well settled that it is essential to the validity of a judgment that it shall be entered upon the order book of the court, and *signed by a judge,* and

that an unsigned judgment is no judgment at all.'' (Italics ours.)

To like effect, see 15 R. C. L., sec. 21, page 585; Anderson's Committee v. Anderson, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C, 581.

Appellant contends, such being the rule, that there was here no judgment until the same had been both entered upon the court's order book and signed by the judge and that there was no judgment until same was signed by the trial court as a nunc pro tunc order validating it, and pursuant to which he thereafter filed his bill of exceptions under the court's then order so directing.

In the case of Chester v. Graves, 159 Ky. 244, 166 S. W. 998, 1000, Ann. Cas. 1915D, 678, the court in considering the question of its right to enter a nunc pro tunc order to an imperfect judgment, in upholding such right, said:

"From the earliest times courts of law and equity have possessed and exercised the power of making entries of judgments and decrees nunc pro tunc in cases where such entries are necessary to prevent injustice to suitors. * * * One of the classes of cases in which judgments may be entered nunc pro tunc is where the former judgment has been pronounced by the court, but not entered of record, by reason of some accident or mistake, or through the neglect or omission or misprision of the clerk. In such a case the court rendering the judgment has the power to order the judgment so rendered to be entered nunc pro tunc, provided there be satisfactory evidence, not only of the rendition, but of the terms of the judgment. Freeman on Judgments, sec. 61; Whorley v. Memphis, etc., R. Co., 72 Ala. 20; Shephard v. Brenton, 20 Iowa, 41.''

There here being no lack of evidence as to what was the judgment of the court granted in the December, 1932, term, inasmuch as it was pursuant to the court's order entered of record upon its order book, but it appearing only that it was defective as a judgment through the court's inadvertence in failing to then,

or within the time allowed, sign the same, we have, after mature consideration, decided, upon the special facts here shown attending the court's later signing of the judgment and the opposing parties being present and not objecting to the motion made therefor and to the court's signing same and in like manner his ordering filed the appellant's offered bill of exceptions to the judgment so signed, to treat the bill of exceptions as having been filed and constituting now a part of the record and to sustain appellant's contention therefor as coming within the exception to the general rule, as set out and discussed supra.

So holding, it results that appellant's grounds of appeal and evidence sustaining same, presented by his bill of exceptions, are now before us for our determination upon their merit.

However, even when so considering appellant's contentions made upon the issues thus presented, we are of the opinion that by the pleadings and evidence, when taken and considered together, there is furnished no substantial or cogent proof of right to recovery upon any of the claims made for damages other than upon the one item of $16, admitted by defendant's pleadings as due and owing by her for timber sold in such amount off this one-acre tract to the defendant Whittemore (hereinafter discussed), and also that, subject to this one exception, the court's giving of a peremptory for the defendant, serving to test and adversely determine the plaintiff's evidence as insufficient to sustain his cause of action, was proper. This one item of damage is found in the admission made by the defendant in paragraph 3 of her answer that she had sold the merchantable timber from off the acre tract of land in controversy to the codefendant for the sum of $16, which represented its fair marketable value, and that the same was cut and removed by him from the land after appellant's title thereto had been adjudged quieted against defendant's claims to the land. It is true that the defendant also pleaded that the judgment secured in the equity suit, wherein only the title to the land was put in issue, was a bar to the plaintiff's second action for damages, caused by the alleged acts of trespass and waste committed by the defendants upon the land after it was adjudged to be plaintiff's land.

We are of the opinion that plaintiff having sought no relief in the equity action, except to have his title quieted, he was not by the judgment recovered only for that relief thereby barred from instituting a second action seeking recovery of damages against the defendant for wrongfully withholding the land or for her alleged other acts of waste or trespass thereon after this land was adjudged to belong to plaintiff. While section 83 of the Civil Code of Practice provides that several causes of action may be united, if each affects all the parties to the action, and may be brought in the same county, and may be prosecuted in one and the same kind of action for the recovery of the real property, its rents, and profits, and also for damages for withholding it, yet it has been repeatedly held by this court that though one having such causes of action (for the recovery of real property, with its rents and profits, and also for damages for withholding it) may join the said two causes of action in one suit, he is not required to do so, but has the right of election between suing for both in one action or suing for the land and rents in one and in another or separate action for damages for trespasses and injuries committed by the destruction of timber and other property on the land. Burr v. Woodrow, 1 Bush, 602; Walker v. Mitchell, 18 B. Mon. 541. Also, he may, if he choose, sue for land in one action and in another for rents; also that even if he has united both in the same action, he may yet sue in a separate action to recover for extraordinary expense, such as was not and could not have been set up in action for land and rent. Walker v. Mitchell, 18 B. Mon. 541; also see Shean v. Cunningham, 6 Bush (69 Ky.) 123, and the late case so holding of Strubbe v. Green, 234 Ky. 384, 28 S. W. (2d) 471.

In the light of these procedural rules as declared in these cases, giving to plaintiff the right of election between suing in one or separate actions upon his claims for land and for damages thereto, we conclude that, while the appellant here elected not to join in one action his claim to have his title to the land quieted and his further claim for damages for the alleged wrongful acts of trespass committed by appellee in respect thereto, his election to recover upon the two claims by separate actions did not have the effect of making the judgment secured in the equity suit a bar

to his later action for damages, or serve to sustain appellee's contention urged that the latter claim was merged in and should, at the hazard of being otherwise barred, have been joined in the one suit in equity. From this it follows that, its being shown by the pleadings that the appellant was entitled to recover in this second suit for damages the sum of $16, in that such item was not put in issue by denial but was expressly admitted by defendant's answer that she sold and removed timber of such market value from off the land adjudged to belong to appellant, it follows that appellant was entitled under the pleadings to a judgment therefor with costs, from which it follows that the judgment entered, dismissing his action with costs, was erroneous.

In this situation, where it is found that the pleadings do not support the nonsuit judgment, the next question to be considered is, whether or not the court's failure to adjudge appellant recovery of damages to the extent of this one small item of $16, to which he was entitled under the pleadings, admitting such liability, is an error of such materiality as to justify our reversing the judgment, which we regard as being in other respects substantially correct.

As to this question, it is the general rule pronounced alike in this jurisdiction and that of our sister states that, guided by the principles of the maxim, "de minimis non curat lex," the smallness of the matter of error appearing to have been made in a judgment may, through being regarded as too trivial to justify the time and expense required for a new trial, constitute a sufficient objection to its reversal. This general "de minimis" rule is thus announced in 4 C. J., sec. 3208, p. 1177:

"Where the only impropriety in the judgment or decree is a trifling error in the amount of the recovery which might have been corrected in the court below, the appellate court will usually apply the maxim, 'de minimis non curat lex,' and refuse to reverse the judgment or decree on that account. * * * The rule has been applied by refusing to reverse a judgment for plaintiff for a small amount, where judgment should have been for

defendant (Smoot v. Wainscott, 28 Ky. Law Rep. 233, 89 S. W. 176), as well as by refusing to reverse a judgment for defendant, where the judgment should have been for plaintiff in a small, definite amount (Kelly v. Adams Express Co., 134 Ky. 208, 119 S. W. 747; McGregor v. Harm, 19 N. D. 599, 125 N. W. 885, 30 L. R. A. [N. S.] 649); but in some cases a directed verdict for defendant has been set aside, where it appeared that plaintiff should have recovered a certain small amount. What error in amount is so trivial as not to require reversal is a question depending largely on the circumstances of the particular case. * * * The question is necessarily governed by the discretion of the court, and where equity and justice demand it, a judgment will be reversed, even though the amount in controversy is insignificant. (Gaines v. Madisonville, etc., R. Co., 143 Ky. 250, 136 S. W. 230; Pendly v. I. C. R. Co., 92 S. W. 1, 28 Ky. Law Rep. 1324; Moss v. Rowland, 3 Bush [Ky.] 505; Tong, etc. v Eifort, etc., 80 Ky. 152; see also 2 R. C. L., section 219, page 267).''

To like effect has this ''de minimis'' rule, that an unauthorized judgment for nominal damages will not be reversed when no substantial right of defendant is prejudiced thereby, been held inapplicable to a case where plaintiff was entitled to recover, actual rather than nominal damages. However, the rationale or legal principle extending through and influencing the decisions is that whether or not the character or the amount of the error is so trivial as not in itself alone to require a reversal of the judgment, yet the propriety of applying the rule in the given instance is a question depending largely on the circumstances, facts, and nature of each particular case, and that, where it appears that considerations of equity and justice demand it, a judgment, where found erroneous, will be reversed, even though the amount in controversy is insignificant. A very exhaustive and extended annotation, collating and discussing the decisions both of our own and of many foreign states, evincing their courts' varied rulings in the construction and application of this ''de minimis'' rule, is to be found in 44 A. L. R. pages 168 to 193, inc. The general rule, as established by judicial

application, is briefly stated by the learned annotator to be that the law does not care for nor consider matters "de minimis" or trifles as a sufficient ground for reversing a judgment, and at page 175 of 44 A. L. R. thus summarizes it:

"It has frequently been held that the fact that a judgment is for a little more, or a little less, than it should have been, because of some error in computation, the allowance of some improper item of damages or costs, or the disallowance of a proper item, or the application of an incorrect measure of damages, will not be treated as ground for reversal."

In exemplification of the judicial application of this rule, many cases from this court are cited in the annotation, wherein the amount of error is indicated parenthetically, for which the court refused reversal upon the ground that it was trivial. A few of the cases cited therein are: Henry Clay Fire Ins. Co. v. Barkley, 160 Ky. 153, 169 S. W. 747 ($15.65 in judgment for $1,-637.49); Cincinnati, N. O. & T. P. R. Co. v. Veatch, 162 Ky. 136, 172 S. W. 89 ($15 in judgment for $266); Anderson v. Thullen, 205 Ky. 664, 266 S. W. 350 ($28.38 in judgment for $702.25).

However, it further appears that equitable considerations found in the facts and special circumstances of a particular case may influence the court to except it from decision by the application of this general rule and to reverse the judgment, even though the amount therein erroneously adjudged be found trivial, because the special facts and circumstances attending the error are deemed to present matters of such material or real property rights as to properly remove the case from the general class of those involving only a mere question of trivial amount, controlled in their decision by the "de minimis" rule. In such special or excepted cases, because of their involvement of matters other than that of merely a small amount erroneously adjudged, the application of the rule is held to be improper because of its working material prejudice to such substantial rights involved. To that effect see Boyden v. Moore, 5 Mass. 365, where in substance it is stated that where the jury, under a legal direction of the judge, have

found a verdict against either law or evidence in favor of the defendant, in cases where on the merits the plaintiff could recover but a small sum of money, the courts have refused to interfere, because the interference would, in fact, be prejudicial to the plaintiff, the play not being worth the candle; but that when the mistake arises from the misdirection of the judge on a point of law, the court ought to relieve the party suffering by it on his motion, notwithstanding the insignificance of the amount involved. To the same effect see Brewer v. Inhabitants of Tyringham, 12 Pick. (Mass.) 547, and also the decision of this court made in the case of Tong, etc., v. Eifort, etc., 80 Ky. 152, where the court, in reversing a judgment, because of error made in the judgment as to an amount of $41, said:

"Henry Tong alleged, and it was not denied, that he had paid $41 of the taxes which Mrs. Eifort had discharged, and he should have been credited with that sum. The failure of the court to allow this credit was not a clerical misprision, but an error of law, because the pleadings of the appellant, Henry Tong, entitled him thereto, and the appellees nowhere stated in their pleadings the amount or acknowledged the credit."

Moss v. Rowland, 3 Bush (66 Ky.) 505.

Again in Wathen v. Byrne, 12 S. W. 197, 198, 11 Ky. Law Rep. 495, was it held that the maxim should have no application to a case where the plaintiff had recovered more than he had claimed or an amount which he admitted by his pleadings was more than he was entitled to recover. There the opinion of the lower court, in discussing the application of the "de minimis" doctrine sought to be made to the facts in that case, said:

"It is claimed for appellant that the admission of the reply entitled the defendant to a credit for $119 more than he received, and for appellees it is admitted that they received judgment for $14 more than they claimed, and this was all. But for reasons, apparent from the record, and now needless to state with minuteness, we are of opinion that the error to the prejudice of the defendant

was $49. And, as before stated, this error is manifested by the pleadings, and is for that much more than plaintiffs were entitled to recover. It is contended by attorney for appellees that this is a trifle; and that, as the law does not concern itself about trifles, the judgment must be affirmed. After an examination of a number of text-books and adjudged cases we have not been able to find any authority for the application of this maxim to a case where the plaintiff has recovered more than he claimed, or more than by his pleadings he admitted he was entitled to recover. The maxim in its inception seems to have been applied to the subject-matter of litigation when it was of such a trifling nature as to be unworthy of consideration; afterwards to have been extended, in a more enlarged sense, to matters in dispute, but of such doubtful character as to render it very uncertain whether the matter could or would be remedied under or by another trial freed from the prejudicial error. It is also applied where material agencies have to be employed or difficult and tedious calculations made, and where some allowance must be made or may be made for mistakes. It is expressed in our Code under this form: 'The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party.' Code, sec. 134. In this sense every error is deemed prejudicial to the substantial rights of a party which denies him relief to which he is clearly entitled,—clear not only in view of the basis on which the right depends, but as to the mode by which the result is to be reached. 'In Ordinary' as remarked by Lord Kenyon, C. J., 'where the damages are small, and the question too inconsiderable to be retried, the courts have frequently refused to send the case back to another jury. But, wherever the mistake of the judge has crept in and swayed the opinion of the jury, I do not recollect a single case in which the court have ever refused to grant a new trial.' Broom, Leg. Max. 142.''

This language found in the opinion of the lower court was concurred in and adopted by this court, as

a correct statement of a proper limitation made upon the general rule, in an opinion written for it by Judge Pryor, wherein this court approved of this limitation upon the rule, saying:

> "After a careful consideration of the record we are disposed to concur in the conclusion reached by the superior court. While the issue made shows a wide difference of opinion between the parties as to the terms of the contract, and that a considerable sum of money is necessarily involved, the plaintiffs have recovered $40 or $50 more than they claim, and this is not such a trifling error as can or should be overlooked by the court, and particularly in view of the pleadings before us, and the character of the contract, the breach of which is alleged."

In the instant case the appellant was by the judgment of nonsuit denied recovery of damages for trespass upon his land in the amount of $16 suffered by him through the cutting and removal of his timber by appellee. There was no issue made by the pleadings as to this item of damage claimed by appellant, but the same was expressly by them admitted owing him by appellee, as being the confessed amount at which she had sold, and authorized cut, certain timber from off appellant's land.

For the reasons hereinabove indicated, we conclude that the pleadings do not support the judgment to the extent of the $16 and costs erroneously by nonsuit adjudged appellee. We are further of the opinion that for such reason the court's failure to adjudge plaintiff a recovery in such amount and his costs was not a mere error in computation or a clerical misprision, but was an error of law under the pleadings, for which the judgment should be reversed and the court directed to set aside its judgment of nonsuit and in lieu thereof enter judgment consistent with this opinion.