## Hargis et al. v. Spencer

(Decided Jan. 21, 1938.)

R. A. DUNN and A. H. HARGIS for appellants.
WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Breathitt circuit court in favor of the plaintiff below, Henry L. Spencer (here appellee), and against the codefendants, Elbert and A. H. Hargis, each respectively in the sum of $500.

Complaining of this judgment as erroneous, Elbert and A. H. Hargis, joint defendants below, have appealed.

It is disclosed by the record that this action, in which such judgment was recovered against appellants, was filed by Henry L. Spencer in July, 1936, to recover certain attorney's fees, alleged to be jointly owing him by the appellants, for his professional services rendered them in numerous suits pending against them, wherein they were joint defendants, and which actions in their aggregate involved a very large sum of money, which was therein sued for and sought to be recovered against them.

The appellee further states that he was employed by the appellants to represent and defend them in these actions, and that he accepted the employment and did represent them therein, either due to their express employment of him, or through their knowingly accepting and consenting to his services in representing them in cases where they were sued with others whom he at the same time represented.

The petition further alleged that the services rendered the defendants in these suits, extending over a long time and requiring much work and attention in their presentation, were of the reasonable value of $2,350; $1,350 of that amount being due him from A. H. Hargis, and $1,000 from the joint defendant, Elbert

Hargis, and for which amount he prayed judgment against them.

Defendants filed answer, whereby they denied each and every allegation of the petition, yet without setting out any new or affirmative matter.

The issues being thus joined upon the pleadings and the cause coming on for trial, evidence was introduced in behalf of the plaintiff showing the rendition of his services, his employment by the defendants, and that the charges made therefor, for which he sought recovery, were reasonable.

On the other hand, the evidence of the defendants was a denial and contradiction alike of all the matters either pleaded or testified to by the plaintiff and his witnesses.

Upon submission of the case to the jury, after its instruction by the court and after hearing argument of counsel, it returned a verdict finding, as stated supra, for the plaintiff the sum of $500 against each of the joint defendants, upon which judgment was accordingly entered.

The appellants' motion and grounds for a new trial having been overruled, the defendants moved for and were granted an appeal.

No motion or request appears of record to have been made by the appellants for time in which to prepare and file a bill of exceptions, nor does it appear that any time was given by the court therefor, but that the term of court at which the judgment was rendered adjourned without any bill of exceptions being tendered or filed, nor any order of the court being taken, granting to the appellants time in which to prepare and file a bill of exceptions, and, therefore, appellants' appeal is before us without any bill of exceptions bringing before us the record showing the evidence, alleged errors, or other proceedings had upon the trial.

The appellants, recognizing that such is the condition in which their appeal is brought before us, move the court to dispense with the reading of the bill of exceptions in considering the record in this case, upon the ground recited that the presiding judge of the Breathitt circuit court refused to sign the bill of ex-

ceptions prepared by appellants, and the appellee has refused to agree to any bill of exceptions or evidence, or a stipulation of any kind regarding it.

We are, under such circumstances, constrained to overrule such motion, in view of the express provisions of the Code and the long-settled procedural rule relative to the filing of a bill of exceptions and as controlling and limiting the court's right in its giving time at the term in which the judgment is rendered, in which to prepare and file a bill of exceptions, as well as the equally well-established rule that, in the absence of a bill of exceptions, only the sufficiency of the pleadings to support the verdict can be considered, and every presumption will be indulged that the pleadings authorize the judgment. Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 14 Ky. Law Rep. 847, 19 L. R. A. 692, 42 Am. St. Rep. 353; S. K. Jones Construction Co. v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482; Oeltjen v. Oeltjen, 251 Ky. 739, 65 S. W. (2d) 1004; Reno v. Asphalt Co., 255 Ky. 265, 72 S. W. (2d) 1036.

Our examination of the petition, which is hereinabove set out, discloses that in the matter of its allegations, it did quite sufficiently set out a good cause of action, the allegations of which appellants by their answer did only categorically deny.

There being nothing else before us upon which to determine the merit of this appeal, in the absence of a bill of exceptions bringing the evidence and the proceedings had upon the trial in the lower court before us, we are constrained, in keeping with the long-settled rule, to hold the pleadings sufficient to support the court's judgment, and the same is therefore affirmed.