## Boone, Foreman & Lackey v. Wahl.

(Decided December 11, 1928.)

### Appeal from McCracken Circuit Court.

1. Trial.—Under Civil Code of Practive, sec. 332, it is mandatory that court, on request of any party to action on contract, state in writing his conclusions of fact separately from conclusions of law.

2.   Appeal and Error.—For trial court's error in not separately stat-
ing in writing his conclusions of fact and law on plaintiff's request
in action on contracts, as required by Civil Code of Practice, sec.
332, judgment must be reversed and cause remanded for entry
of new judgment on same evidence or evidence produced and sep-
arate statement of such conclusions, if requested, as Court of
Appeals should not make separation.

C. C. GRASSHAM for appellant.

WHEELER & HUGHES for appellee.

### Opinion of the Court by Judge Logan—Reversing.

The appellant instituted its suit in the circuit court,
seeking to recover from appellee $240 for services ren-
dered by it in connection with an effort to secure money
for appellee through the bonding of certain property
which he owned. Further appellant sought to recover
a reasonable commission alleged to be $1,740 for services
rendered in the sale of certain real estate in the city of
Paducah alleged to have been made by appellant for
appellee.

After the filing of numerous pleadings by the parties,
the controversy was reduced to two or three issues. By
agreement of parties the case was submitted to the court
without the intervention of a jury. The witnesses testi-
fied in open court, and at the conclusion of their evidence,
and after having been advised by arguments in behalf of
the respective parties, the court rendered a judgment
allowing a recovery by appellant for the sum of $240,
which was the amount it claimed for services in connec-
tion with the efforts to raise money through the bonding
of the property of appellee. The court adjudged, how-
ever, that appellant should recover nothing on its claim
for $1,740, which it contended was the reasonable com-
mission due it for the alleged sale of the property.

The appellant moved that the court separate the
findings of fact and conclusions of law, and it is recited
in the order that, after the court was advised, the motion
was overruled, to which ruling the appellant excepted.
Appellant was then given until a certain day in the next
term of court to prepare and file a bill of exceptions. At
the next term of court a bill of exceptions, consisting
alone of the stenographer's transcript of the evidence,

was tendered, examined, and approved by the court, and an order entered to that effect.

There is no exception to any conclusion of law, and, indeed, there could not be, as the court refused to state the conclusions of law, so that appellant might have an opportunity to except. This was not commenced as a suit in equity, and it was not so treated by the parties. It was an ordinary action, seeking to recover on two contracts. In such cases the provisions of section 332, Civil Code of Practice apply. That section is:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties requests it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

The section itself expresses the reason why the court must make a separate finding in writing of the conclusions of fact from the conclusions of law. It must be done, so that the party asking it may except to the conclusions of law.

The bill of exceptions which we have before us only brings to our attention the evidence which was produced on the trial. We do not know what conclusions of law impelled the court to adjudge that appellant was entitled to recover on one contract set up in its petition, and not entitled to recover on the other. If the trial had been before a jury, and the court had instructed the jury orally as to the law, refusing to reduce the instructions to writing upon the request of appellant, undoubtedly this court would reverse the judgment for the error. The direct question now before us does not appear to have been presented to the court heretofore. The late case of Wilson's Adm'r v. Nolen, 200 Ky. 609, 255 S. W. 267, 34 A. L. R. 80, is the last we find touching the construction of section 332, supra, and, while it is not directly in point, it contains a discussion of the procedure under that section.

In such a case as this it is mandatory that the court, upon request of any party, state in writing the conclusions of fact found separately from the conclusions of law. This the trial court refused to do, and an exception

was taken to the ruling.. .This court should not be called upon to make a separation of conclusions. of fact from the conclusions of law for the trial court; and,.if we .should do so, our conclusions would reflect what the con- ·clusions of law by the lower court should have been,·and would give us no light on what his conclusions of law really were.

The judgment must be reversed for this error. We do not mean that it is necessary for the court to hear the evidence again, unless the parties should desire to again present the same or additional evidence, but the judgment should be set aside, and another judgment entered on the same evidence, or such evidence as may be produced, and, if one of the parties requests it, the court must state in writing the conclusions of fact found separately from the conclusions of law. The parties will then have an opportunity to make such objections and exceptions as may occur to them, or either of them.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.