## Blankenship v. Fullerton's Administratrix.

(Decided October 8, 1929.)

L. D. BRUCE for appellant.

JOHN F. COLDIRON and BROWNING & REED for appellee.

Opinion of the Court by Judge Clay—Affirming.

In this action by I. S. Blankenship against E. E. Fullerton's administratrix to recover a commission for the sale of certain lots belonging to the decedent, the court at the conclusion of plaintiff's evidence peremptorily instructed the jury to find for the defendant. Judgment was rendered accordingly, and plaintiff has appealed.

A motion to strike the bill of exceptions was passed to the merits. The basis of this motion is that there was no order of court filing the bill or the transcript of evidence. After the motion was made appellant was permitted to file a supplemental record properly certified by the clerk. The original record shows that when appellant's motion for a new trial was overruled, he was given to and including the October, 1928, term of the court to file his bill of exceptions. The supplemental record discloses that at that term appellant tendered to the court the official transcript of the evidence, which was examined, approved, and signed by the court, and ordered filed as a part of the record. The transcript contains not only all the evidence as well as the objections, exceptions, and avowals relating thereto, together with the court's rulings thereon, but also the peremptory instruction which was the only instruction offered, given, or refused. In other words, it contains all that is necessary in a bill of exceptions, and having been properly certified by the stenographer, approved by the court, and filed for the purpose of a bill by an order of court, and intended as a bill of exceptions when so filed, it will be treated as such on appeal. Louisville & N. R. Co. v. Stewart's Adm'r, 207 Ky. 516, 269 S. W. 555. The motion to strike the bill was therefore overruled.

As E. E. Fullerton was dead, appellant was not permitted to testify. His son, Bill Blankenship, testified that E. E. Fullerton was the owner of certain real estate near West Russell. In October, 1925, he was sent by his mother to call his father to supper, and overheard Mr. Fullerton say to his father, "Why don't you sell some lots for me?" His father said, "Well, is there anything in it for me?" Fullerton said, "Yes, sir, go ahead, and I will give you 10%." His father replied, "All right, I'll go ahead and do the best I can." . After that his father painted a sign and put it up in the road. Later on Mr. Thompson and Mr. Montague came to see his father and asked him about the lots. Mrs. Mary Smith testified that on one occasion she had a conversation with Mr. Fullerton and Fullerton told her that Mr. Blankenship was his agent and was going to sell the lots for him. Wade Thompson testified that in 1925 and the spring of 1926 he and Mr. Montague purchased 24 lots from Mr. Fullerton and paid him about $7,600 or $7,800 for them. They obtained a deed from Mr. Fullerton which was also signed by Mrs. Fullerton. Prior to the purchase, he and Mr. Montague came down to Russell to find some prop-

erty to buy. As they were going along the road, they noticed Mr. Blankenship's sign on the property. They went to the Blankenship home, and Mrs. Blankenship came out and said that Mr. Blankenship was not at home, but to come back later. After that they returned and saw Mr. Blankenship. Mr. Blankenship pointed out the property and told them about what the prices were. During the conversation Mr. Blankenship stated that he thought Mr. Fullerton could not make a good deed to his property as Mrs. Fullerton would not sign the deed. That was the end of the transaction with Mr. Blankenship. After that they went ahead and bought the land from Mr. Fullerton, who assured them that he could give them a good title.

Assuming as true Mr. Thompson's testimony that appellant stated to him and Mr. Montague that Mrs. Fullerton would not sign the deed, it would seem that appellant's efforts on that occasion were an impediment to the sale rather than the efficient cause thereof. However this may be, it is clear that the peremptory was justified on another ground. In the recent case of Offutt & Oldham v. Winters, 227 Ky. 56, 11 S. W. (2d) 979, we held that the owner of real estate was not liable for a commission where, after listing it with a nonexclusive agent for sale at a definite price, he, in good faith and in ignorance of the efforts of the agent, sells the property at a reduced price to a purchaser found by the agent. Following that case, we held in Boone, Foreman & Lackey v. Wahl, 229 Ky. 655, 17 S. W. (2d) 731, that, where no definite time was given the broker within which to make a sale of the property, the owner could not sell property to purchaser furnished by the broker and thus escape commission, but that in order for such liability to be fastened on the owner he would have to know at the time he was making the sale that party to whom he was selling had been procured by broker. The effect of this decision was to make the rule applicable without regard to whether the owner sold at a reduced price or not. In the case at bar the agency was nonexclusive and indefinite as to time and it not appearing that Mr. Fullerton knew that the purchasers were procured by appellant he had the right to sell the property without incurring any liability for commissions. It follows that the peremptory was properly given.

Judgment affirmed.

Judge WILLIS not sitting.