# Asher v. Nuckols et ux.

(Decided March 6, 1934.)

CHARLES A. JOHNSON and N. J. WELLER for appellant.
JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

A. J. Asher brought this action in equity against his son-in-law, J. Leon Nuckols, and his wife, Chesney Asher Nuckols, to compel them to reconvey a tract of land theretofore conveyed to Nuckols by Asher.

Briefly stated the facts pleaded are these: Nuckols did not own sufficient property to qualify him as surety; and the land in question was conveyed to him to enable him to qualify and become surety for plaintiff in the Court of Appeals of Kentucky in the case of A. J. Asher, Appellant, v. Pioneer Coal Company, Appellee, and for no other purpose, and without any other consideration. After the deed was made, the bond was executed by Nuckols as surety, and thereafter the judgment of the

Bell circuit court was reversed by the Court of Appeals, and by reason thereof the terms and obligations of the bond were discharged and no debt nor liability existed by reason of the execution of the bond. The deed was executed for the above-named purpose, and for no other purpose because of the confidence plaintiff had in the defendant Nuckols, and because plaintiff believed that the trust and confidence imposed in the defendant would be respected, and that the defendant, as soon as the purpose of making said deed was accomplished, would reconvey the said property to plaintiff, as it was understood and agreed would be done. The purpose for which said deed was made has been accomplished and fulfilled, and said bond is no longer in effect or binding on the plaintiff or the defendant, and plaintiff is entitled to have said property conveyed to him as was agreed between plaintiff and defendant would be done if no liability attached. Defendant refuses to convey the property back to plaintiff, although plaintiff has demanded that defendant do so. In addition to a general demurrer, and other steps not necessary to be considered, the defendants filed an answer containing in the first paragraph a denial of the allegations of the petition, and pleading in the second paragraph that the deed was made for a valuable consideration, and in the third paragraph that at the time the deed was made Asher made an affidavit that the land conveyed to J. Leon Nuckols was free from any claim on his part, and was thereby estopped to claim the land. The affirmative allegations of the answer were traversed of record, and, after hearing the evidence orally, the chancellor rendered judgment dismissing the petition. Asher appeals.

At the outset we are met by a motion to strike the bill of evidence. When oral evidence is heard in an equity case, the evidence must be made a part of the record by a bill of exceptions prepared in the same time and manner as in ordinary cases.. Dupoyster v. Fort Jefferson Improvement Co., 121 Ky. 518, 89 S. W. 509, 28 Ky. Law Rep. 504, Shannon v. Stratton, 144 Ky. 26, 137 S. W. 850. A bill of exceptions not filed in time cannot be considered on appeal. Nuckols v. I. C. R. Co., 227 Ky. 836, 14 S. W. (2d) 157; and even though the bill of exceptions is filed in time, but the transcript of evidence is not, the evidence will not be considered. Knecht v. Louisville Home Tel. Co., 121 Ky. 492, 89 S. W. 508,

28 Ky. Law Rep. 456. Since, even in common-law actions, the stenographer's certified transcript containing the evidence, objections, exceptions, court's rulings and instructions offered, given, and refused, when filed as a bill of exceptions and approved by the court, will be accepted as such, Louisville & N. R. Co. v. Stewart's Adm'r, 207 Ky. 516, 269 S. W. 555; Blankenship v. Fullerton's Adm'x, 230 Ky. 795, 20 S. W. (2d) 983; we doubt not that the same rule applies in an equity case where it meets the above requirements, with the exception of the instructions, when none are given. Formerly, under the Code, time could be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court, unless the court was not in session at the succeeding term, in which event the party offering the bill of exceptions was given the right until the next term of court to perfect and prepare the bill, Civil Code of Practice 1927, sec. 334, but by the amendment of 1930 it was provided that time may be given to a date in vacation within which the bill of exceptions may be tendered, and, when same is approved and signed by the then judge of the court in which the case was tried, and filed by the clerk of said court, said bill of exceptions and the transcript of evidence shall have the same effect as if filed in term time. Acts 1930, c. 19, p. 66. Section 334, Civil Code of Practice, 1932. The judgment appealed from was entered on October 10, 1932. At the same time the court gave the reporter "until and including the ——— day of ———, 1932, to transcribe and present said Bill of Evidence in court for approval." The transcript was not filed in the clerk's office and approved until August 24, 1933. If the order allowing time for filing the transcript be construed as fixing the time during the next succeeding term, the transcript was not filed in time. If it be construed as fixing the time during vacation, the vacation period is limited by the order to the year 1932, and the filing on August 14, 1933, was not in time. As no extension of time was granted, and the transcript of evidence, whether regarded solely as a transcript or as a bill of exceptions, was not filed in time, appellees' motion to strike the transcript from the record will have to be sustained. Bullitt County v. Galion Iron Works & Mfg. Co., 192 Ky. 803, 234 S. W. 609; Buckley v. Buckley, 251 Ky. 271, 64 S. W. (2d) 593.

Where the bill of exceptions or the transcript of the

evidence is stricken from the record, the only remaining question is, whether the pleadings are sufficient to support the judgment. Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 14 Ky. Law Rep. 847, 19 L. R. A. 692, 42 Am. St. Rep. 353; Bullitt County v. Galion Iron Works & Mfg. Co., supra. We are concerned primarily with the answer. As it denies each and every allegation of the petition, there can be no doubt that it presents a good defense. It is therefore clear that the pleadings support the judgment.

Judgment affirmed.