## Hurley et al. v. Greif.

(Decided March 22, 1938.)

BRADY M. STEWART for appellants.
ALBERT M. KARNES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The appeal is from a $2,037.85 judgment for personal injuries.

Appellants have moved for permission to file supplemental record showing that on June 20, 1936, the court signed and approved the bill of exceptions. We find, however, that counsel have stipulated that the order filing and approving the bill of exceptions was entered by mistake, and should be omitted from the record prepared for this court. That being true, the motion to file the supplemental record is overruled.

We next come to appellee's motion to strike the bill of exceptions and transcript of evidence. The record discloses the following situation: On June 20, 1936, which was during the 1936 May term of the McCracken circuit court, the motion for a new trial was overruled, an appeal granted, and appellants were given to and including the 18th day of the September term of the court, which fell on October 17th, to prepare and file a bill of exceptions and transcript of evidence. The September term began on September 28th, and on October 3d the attorney for appellants moved for a rule against the circuit court clerk and the official court reporter to produce the entire record so that it might be approved and signed before the day set, or as an alternative that they be required to prepare a new record for the appeal. The ground of the motion was that the bill of exceptions and transcript which had been prepared had been lost or mislaid. The motion also asked an extension of time in order that appellants might have time to have prepared their bill of exceptions and transcript of the evidence. The court allowed the rule to go against the clerk and reporter, and owing to the uncertainty as to whether the bill and transcript were lost, and had to be reproduced, or were merely mislaid, and might be located by a diligent search, no order was entered during the September term setting a day certain for approving and signing the bill of exceptions and transcript. It further appears that the bill of exceptions and transcript were completed before the September term, but disappeared from the clerk's office, whereupon the clerk and his two deputies on several occasions searched diligently for the records, but were unable to locate them. On the service of the rule on October 3, 1936, another careful search through all the files was made by the clerk and his assistants, without success. The clerk delayed the preparation of a new transcript thinking

that he might be able to locate the transcript that had already been prepared. On the 2d or 3d of November, and during the next November term of the court, the clerk located the entire record and the copies thereof in his office. He did not mention this fact to the attorneys for the appellants until some time afterward. The clerk was of the opinion that some one had deliberately kept the record away from the office so that it could not be presented to the circuit judge for his approval until after October 17th, the date fixed for that purpose. Appellee and her counsel had filed the affidavits stating that they had nothing whatever to do with the disappearance of the records. In view of the foregoing situation, and the fact that the motion for an extension of time had been pending and had not been acted upon, the court on December 21st, the forty-second day of the extended November term, entered an order giving appellants until January 9, 1937, of the succeeding term to prepare and present for approval a bill of exceptions. On that day the bill of exceptions and transcript of evidence were approved and signed.

Section 334, Civil Code of Practice, provides that the party objecting must except when the decision is made, and time may be given to prepare the bill of exceptions, but not beyond a day in succeeding term to be fixed by the court. We have uniformly ruled that the foregoing provision of the Code is mandatory, and although it is true that, where a party has been given to a fixed day in the succeeding term to tender the bill, he may for sufficient reasons be given a further extension during that term, United States Fidelity & Guaranty Company v. Cole's Adm'r, 165 Ky. 823, 178 S. W. 1057, the court is without authority to extend the time to the succeeding term. Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292. By way of precaution the rule has sometimes been qualified by the words, "in the absence of a showing of some casualty or misfortune preventing the filing of the bill of exceptions within the time given," S. K. Jones Construction Company v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482, 483, but there has been no ruling as to what would constitute a casualty or misfortune. Certainly, no showing of casualty or misfortune is presented in the case before us. On the opening of the September term of the court, it was known that the record had been lost, and a new bill and transcript could have been prepared by October 17th, the time set for the

tender of the bill. Not only so, but further time during that term might have been given. In the circumstances, the court was without authority to extend the time for filing to a succeeding term, even if he had acted at the September term, and clearly the court could not take the motion under advisement and do at a subsequent term what it could not have done in the first instance. For the foregoing reasons, the motion to strike the bill of exceptions and transcript of the evidence will have to be sustained.

The bill of exceptions having been stricken, the only remaining question is whether the pleadings are sufficient to support the judgment. Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331. On the one hand the petition alleges acts of negligence on the part of Duley Hurley, the driver of the car that struck and injured appellee, and also alleges that at the time of the accident he was acting as the agent and employee of his co-defendants, I. D. Farrington and W. H. Woodall, partners doing business as Farrington-Woodall Motor Sales Company. On the other hand, we have a general denial followed by a plea of contributory negligence, which is denied by a reply. In the circumstances, it is clear that the pleadings support the judgment.

Judgment affirmed.