## Napier v. Hurst-Snyder Hospital Co.

June 23, 1939.

S. M. Ward, Judge.

H. C. Jonson for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant filed this action against the appellee to recover damages for injury to her hand sustained while operating an ironing machine in appellee's laundry, alleging that the injury was caused by appellee's negligence in failing to furnish her a safe machine on which to do her work. At the conclusion of all the evidence, the trial court peremptorily instructed the jury to find for the appellee, and from the judgment dismissing her petition this appeal is prosecuted.

Judgment was rendered on January 13, 1938, which was during the November, 1937, term as extended. Motion and grounds for a new trial were filed and were overruled on January 28, and appellant was given to and including the 24th day of the February term (March 19) to prepare and file her bill of exceptions.

On the 8th day of the February term (March 1) appellant made a motion to be permitted to prosecute the appeal in forma pauperis and filed her affidavit in

support thereof. This motion was sustained on the 12th day of the term (March 6), and the official stenographer was ordered to make a transcript of the evidence.

On the 24th day of the term, the last day for filing the bill of exceptions, motion was made to extend the time for filing the transcript of evidence supported by affidavits of the official stenographer and appellant's attorney. These affidavits state the facts with reference to the rendition of the judgment and filing of the motion to prosecute the appeal in forma pauperis and the action of the court thereon substantially as above set out, and state that, owing to the fact that the official stenographer had been busily engaged in court, it was impossible for her to complete the transcript of evidence between the 12th day of the term, the day on which the order was made directing her to transcribe the evidence, and the 24th day of the term, the day on which the bill of exceptions was due to be filed. Pursuant to this motion and affidavits in support thereof, time was granted till the 6th day of the June term to file the transcript of the evidence, and the order provided that "when filed within that time (it) will be made a part of plaintiff's bill of exceptions the same as if filed on today." A bill of exceptions was filed on the 24th day of the term, which showed an exception to the court's ruling in peremptorily instructing the jury to find for the defendant and which attempted to incorporate as a part of the bill of exceptions the transcript of evidence which had not been filed or approved by the court, the bill reciting that the transcript of evidence "will later be filed and made a part of this bill of exceptions." The transcript of evidence was filed and approved on the 4th day of the June term.

A motion was made in this court to strike from the record the transcript of the evidence filed as a part of the record, and this motion was passed to the merits and we are now called on to pass on that motion.

In Rockcastle County v. Bowman et al., 274 Ky. 787, 120 S. W. (2d) 385, it was held that a transcript of evidence not filed in the trial court with a bill of exceptions within the time allowed will not be considered, even though the bill of exceptions was filed within the proper time. Here, however, the bill of exceptions was filed and time extended for filing the transcript of evidence which, in effect, would be an extension of time to

file the bill of exceptions, and it only remains to determine whether or not, under the showing made, the trial court was authorized to extend the time for filing the bill of exceptions beyond a day in the succeeding term.

Section 334, Civil Code of Practice, provides that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. It has been held uniformly that this Code provision is mandatory and, although it is true that where a party has been given to a day in the succeeding term to tender the bill, he may, for sufficient reason, be given a further extension during that term, the court is without authority to extend the time to the succeeding term. Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292; Hurley v. Greif, 272 Ky. 741, 115 S. W. (2d) 284. It has been intimated in one or two instances that time may be extended to a day beyond the succeeding term where there is a showing of some casualty or misfortune preventing the filing of the bill within the time given. Jones Construction Company v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482; Hurley v. Greif, supra. No case has been decided in this court, however, construing the language used in those opinions as to what would be a sufficient casualty or misfortune preventing the filing of the bill within the time given in order to justify the trial court in extending the time beyond a day in the succeeding term.

The question now confronting us in this case is whether a casualty or misfortune was shown sufficient to justify the trial court in extending the time for filing the transcript of evidence to the 6th day of the June term, a day beyond the succeeding term.

An examination of the steps taken as outlined above makes it apparent that the failure to file the transcript of evidence within the proper time was not due to any real casualty or misfortune, but largely to lack of diligence or delay on the part of appellant. The motion and grounds for new trial were overruled on January 28 and the record shows that appellant was at that time, as well as on March 1, the day she moved to be permitted to prosecute the appeal in forma pauperis, financially unable to pay for the transcript of evidence— no change in this financial condition occurred. Such being the case, it was her duty promptly to manifest this fact to the court and make the necessary motion to be

permitted to appeal in forma pauperis. Even though court closed immediately after the motion for a new trial was overruled (the record is silent on this point), this motion could have been made at any time during vacation on proper notice. Appellant, however, permitted several weeks to pass without making this motion, and when the succeeding term of court began, did not make the motion on the first day of court, but chose to wait until the 8th day of the term. If she had made the motion earlier, there is no reason to doubt that the official stenographer could have prepared the transcript of evidence by the 24th day of the February term. It is therefore apparent that the grounds relied upon by appellant as constituting a casualty or misfortune were nothing more than her own delay or lack of diligence. A casualty or misfortune sufficient to justify the extension of time to file a bill of exceptions beyond a day in the succeeding term must be a real casualty or misfortune, not one produced or contributed to by delay or lack of diligence on the part of the one who seeks to take advantage of it.

It is contended for appellant that this court by order extended the time for filing the transcript of evidence and that, by this order, we made the transcript of evidence a part of the bill of exceptions. On March 19, 1938, which was the 24th day of the February term of the Perry circuit court and the day on which the bill of exceptions was due to be filed, a copy of the judgment was filed in this court and a motion was made in this court to extend the time for filing the transcript of record and transcript of evidence to and including the 6th day of the June term of the Perry circuit court and to make the transcript of evidence a part of the bill of exceptions. This motion was sustained to the extent that time was given the appellant to the 6th day of the June term of the Perry circuit court to file the transcript of record and evidence *in this court*. The order of this court, however, did not provide that the transcript of evidence was made a part of the bill of exceptions. We had no way of knowing at that time whether or not the trial court might have legally extended the time for filing the bill of exceptions to the 6th day of the June term and we did not undertake to pass on that question. As a matter of fact, this court would have had no power to extend the time for filing the bill of exceptions in the lower court—that is purely the province of the trial

court and this court has nothing to do therewith as an original matter. The order of this court relied on by appellant as being determinative of this question, and which it is contended made the transcript of evidence a part of the bill of exceptions, was nothing more than the customary interlocutory order extending the time for filing the transcript of the record and evidence *in this court,* and had no other effect. We are of the opinion that appellee's motion to strike the transcript of evidence from the record must be sustained.

As the bill of exceptions shows an exception only to the trial court's ruling in peremptorily instructing the jury to find for appellee, the correctness of which action must be determined from the transcript of evidence, and as the transcript of evidence is stricken from the record, the only remaining question is whether the pleadings are sufficient to support the judgment. Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331; Hurley v. Greif, supra. All allegations of the petition as amended were denied and contributory negligence on the part of appellant was pleaded. In these circumstances, it is clear that the pleadings support the judgment.

Judgment affirmed.