## Belcher et al. v. Adkins et al.

Sept. 26, 1939.

Sanders-E. Clay, Special Judge.

E. J. Picklesimer for appellants.

Steele & Vanover for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants, Lottie Belcher and Jackson Belcher, are appealing from a judgment holding that the appellees are the owners of and entitled to the immediate possession of a certain tract of land in Pike County. Reversal is urged upon the ground that a special judge can not try a case at a special term of court which is not named in the call for the term unless the parties consent to its trial.

This action was brought by the appellees in 1935. They prayed that they be adjudged the owners of the tract of land in question and entitled to its use and occupancy; that the Belchers, defendants below, be enjoined and restrained from entering upon the land; that they be adjudged the sum of $250 in damages for the alleged unlawful entering of the land by the Belchers, and for the trespass and destruction of property; and "for all relief that doth to them in law or equity belong." Subsequent pleadings were filed, and on June 10, 1936, the case was submitted for judgment.

The appellees based their claim to the land upon a judgment rendered in the Pike circuit court in 1932, wherein it was adjudged that Nora Adkins, one of the appellees, and Perry Adkins, the deceased father of the infant appellees, were the owners of the land in question subject to the life interest of Jane Ratliff, who died in September, 1934. The appellants based their claim to the land upon deeds from Jane Ratliff and Sherman Ratliff, both of whom were parties to the action in which the aforementioned judgment was rendered.

During the latter part of 1937 the regular judge of the Pike circuit court called a special term for the trial of equity cases. A special judge was appointed to preside over this term, and the judgment complained of was rendered during the special term. The appellants sought to have the judgment set aside upon the grounds that (1) the case was on the ordinary docket and not on the equity docket, and therefore the special judge had no jurisdiction to try it; (2) the appellees' claim to the land was champertous; and (3) the appellants were taken by surprise in the rendition of the judgment. A hearing was held on this motion.

The record shows that an allowance was made to the official reporter for reporting evidence one day. It appears from the brief for the appellees that certain oral evidence was considered by the court in connection with the motion to set aside the judgment, but no such evidence appears in the record. The two attorneys for the appellees filed affidavits in opposition to the motion which, in substance, set forth (1) that, by agreement of the parties, the action had been treated as an equity action since March 9, 1936; (2) that the regular judge noted in pencil on the docket that the action was transferred to the equity docket; (3) that no objection was made by appellants when the special judge informed counsel for the parties that he was ready to try the case; (4) that a copy of the judgment was furnished counsel for both parties several days before it was entered; and (5) that the only objection raised by the attorney who then represented the appellants was a formal one when he asked an appeal to this Court. These two affidavits stand uncontradicted in the record. There appears, however, an affidavit signed by W. T. Smith, circuit clerk of Pike county, by W. H. Cantrell, deputy clerk, in which it is stated that the records of the clerk's office show that the action at bar was filed as an ordinary action, and that diligent search of these records failed to reveal an order transferring the case to the equity docket.

At the conclusion of the hearing on the motion to set aside the judgment the special judge entered an order which reads in part as follows:

"This cause coming on for trial of defendant's motion to set aside a judgment rendered in favor of the plaintiffs on January 13, 1937, and of record in order book number 44, at page 461, and the court

being advised from the record in this case, together with affidavits filed in support of the motion and those filed in protest, is of the opinion and so adjudges, that this case has been treated since the 9th day of March, 1936, as an Equitable action and was submitted to the court with the approval of plaintiffs and defendants attorneys, and that the motion to set aside the judgment should be and is now overruled; to which ruling of the court, the defendants object and except and pray an appeal to the Court of Appeals which is granted."

We have examined the record carefully and have reached the conclusion that it amply supports the finding that the case, though filed as an ordinary action, was treated as an equity action from the early part of March, 1936, and also that the motion to set aside the judgment was properly overruled. We have frequently held that, where an action was commenced as an ordinary action, but treated throughout the trial as an equity action, it will be so treated on appeal. Northup's Trustees v. Sumner's Trustees, 132 Ky. 156, 116 S. W. 699; Cornett v. Burchfield, 142 Ky. 357, 134 S. W. 466; Pennington v. Pennington's Adm'r, 276 Ky. 353, 124 S. W. (2d) 460. It follows, therefore, that the contention of the appellants is not well grounded. In view of the manner in which the case had been treated, the special judge had jurisdiction to try it as an equity case.

Wherefore, for the reasons given herein, the judgment is affirmed.