## Posey v. Board of Councilmen of City of Frankfort.

Jan. 19, 1945.

Dulin Moss and W. C. Marshall for appellant.

Marion Rider for appellee.

Opinion of the Court by Judge Latimer—Affirming.

This action was brought by the appellant seeking recovery of damages for injuries sustained by falling when the heel of her shoe caught in a niche in the curb at the corner of Shelby and Second Streets in the City of Frankfort as she was stepping from the sidewalk to the street for the purpose of entering an approaching bus. The defendant denied negligence on its part in the maintenance of the sidewalk and curb, and pleaded contributory negligence on the part of the appellant. The cause was tried in the Franklin Circuit Court at its September term, 1942, and judgment rendered in favor of the defendant. The Court overruled plaintiff's motion and grounds for a new trial and gave her to and including the last day of the Jan., 1943 term within which to file her bill of exceptions. On January 29, 1943, which was the last day of the January term, the appellant filed a motion requesting an extension of time within which to file her bill of exceptions, giving as reason therefor her inability to procure funds with which to pay for the official transcript of the evidence taken at the trial. Over objection of appellee, the lower court sustained her motion and granted her an extension to and including the 20th day of February, 1943, within which to file her bill of exceptions. On February 20, 1943, appellant tendered her bystander's bill of exceptions, and on May 7, 1943, the court approved and signed same as and for the bill of exceptions in this case.

212

The appellant is asking this court to set aside the verdict and direct a new trial on the grounds that the verdict is palpably against the weight of the evidence, and because of the introduction of incompetent evidence.

The appellee has made motion in this court to strike from the record the bill of exceptions because same was not filed in time, and second because the evidence was not stated in full in the bill of exceptions as required under Subsection 2 of Section 335 of the Civil Code of Practice, and because the lower court did not certify that the bill of exceptions contained all the evidence, as required under Section 339 of the Civil Code of Practice. Said motion was passed to merits, which we are now required to consider. The question of an extension of time within which to prepare and file a bill of exceptions has been before this Court on numerous occasions. Section 334 of the Civil Code of Practice provides that an extension may be given to prepare bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. This Court has consistently held this to be mandatory and even though a party has been given to a day certain in the succeeding term to tender the bill of exceptions, for sufficient reasons, he may be given a further extension during that term, but the court is without authority to extend the time beyond a day in the succeeding term. Clark v. Mason, 264 Ky. 683, 95 S. W. 2d 292; Hurley v. Grief, 272 Ky. 741, 115 S. W. 2d 284. However, under a proper showing of casualty or misfortune preventing a tender of the bill within the time given, there appears to be some intimation in some few decisions, that time may be extended to a day beyond the succeeding term. This raises the question of what constitutes such casualty or misfortune. In the instant case we are faced with the question as to whether or not the unfortunate circumstances of the appellant, and her inability to procure funds with which to obtain a transcript of the record, was such casualty or misfortune as would justify the trial court in granting an extension beyond a day in the succeeding term. Napier v. Hurst-Snyder Hospital Co., 279 Ky. 378, 130 S. W. 2d 771, 773, almost parallels the instant case relative to the matter of an extension of time beyond a day in the succeeding term, and as to the situation of the parties. In that case the court stated as follows: "An examination of the steps taken as outlined above makes it apparent that the failure to file the transcript of evidence within

the proper time was not due to any real casualty or misfortune, but largely to lack of diligence or delay on the part of appellant. The motion and grounds for new trial were overruled on January 28 and the record shows that appellant was at that time, as well as on March 1, the day she moved to be permitted to prosecute the appeal in forma pauperis, financially unable to pay for the transcript of evidence—no change in this financial condition occurred. Such being the case, it was her duty promptly to manifest this fact to the court and make the necessary motion to be permitted to appeal in forma pauperis. Even though court closed immediately after the motion for a new trial was overruled (the record is silent on this point), this motion could have been made at any time during vacation on proper notice. Appellant, however, permitted several weeks to pass without making this motion, and when the succeeding term of court began, did not make the motion on the first day of court, but chose to wait until the 8th day of the term. If she had made the motion earlier, there is no reason to doubt that the official stenographer could not have prepared the transcript of evidence by the 24th day of the February term. It is therefore apparent that the grounds relied upon by appellant as constituting a casualty or misfortune were nothing more than her own delay or lack of diligence. A casualty or misfortune sufficient to justify the extension of time to file a bill of exceptions beyond a day in the succeeding term must be a real casualty or misfortune, not one produced or contributed to by delay or lack of diligence on the part of the one who seeks to take advantage of it.''

In the instant case it appears that the appellant allowed the entire January term to pass and on the last day thereof made the motion for the extension of time, and as a basis for her motion alleged her inability to procure funds for a transcript of the record. Undoubtedly, she was confronted with this question throughout the entire time from the September term, 1942, until said motion for extension was filed. We are of the opinion that this was not such casualty or misfortune as would justify the extension of time to file her bill of exceptions beyond a day in the succeeding term, and, consequently, appellee's motion to strike the bill of exceptions from the record must be sustained.

This leaves, then, the only question as to whether or

not the pleadings are sufficient to support the judgment. Asher v. Nuckols et ux., 253 Ky. 223, 69 S. W. 2d 331; Napier v. Hurst-Snyder Hospital Co., 279 Ky. 378, 130 S. W. 2d 771. A perusal of the pleadings, beyond which we cannot now go, discloses a denial of all allegations of plaintiff's pleading and a plea of contributory negligence on the part of the appellant, and convinces us that the pleadings are sufficient to support the judgment.

Judgment affirmed.