## Johnson et al. v. Hall Hotel Co.

December 5, 1947.

Elvis J. Stahr, Judge.

Henry Jack Wilson for appellants.
F. B. Martin for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a forcible detainer action. It was originally filed in the Graves County Court, and appellants having been found guilty, the action was appealed to the Circuit Court. After a trial, that Court gave a peremptory instruction for appellee, and judgment was entered sustaining the writ.

No motion and grounds for a new trial was filed in that Court, and the appeal was granted here. Appellants filed a Bill of Exceptions in this Court, but upon motion, the Bill of Exceptions was stricken from the record.

The only question before us is the sufficiency of the pleadings to sustain the judgment. Where appellant fails to file a motion for a new trial, no alleged errors except the sufficiency of the pleadings may be considered by this Court on appeal. Hickey v. Glass, 285 Ky. 848, 149 S. W. 2d 535. Where the Bill of Exceptions or Transcript of Evidence is not a part of the record, it is presumed that the evidence would support the judgment. Chenault et al. v. State Bank & Trust Co. et al., 254 Ky. 390, 71 S. W. 2d 1015.

These proceedings may be initiated by a complaint. Section 454, Civil Code of Practice. Appellee actually filed a "petition for writ of forcible detainer." This petition sets out appellee's control and supervision of the building involved; alleges in substance that appellants were tenants occupying the building; that appellants maintained a nuisance; that written notice of the expiration of their tenancy was served on appellants; and that they refused to give possession although their term had expired and were detaining the property against the will and consent of appellee.

It is our conclusion that the pleadings sustain the judgment finding appellants guilty of forcible entry and detainer, and ordering the issuance of a writ of possession.

For the reasons stated, the judgment is affirmed.