## Noel v. Noel.

May 24, 1949.

Rehearing denied October 18, 1949.

Haynes Carter for appellant.

Robert Hubbard and Rodney Haggard for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The opinion on the first appeal, Noel v. Noel, 307 Ky. 128, 210 S. W. 2d 140, reversed the judgment of the Lower Court which sustained a plea of res adjudicata based on a judgment entered in the Clark Circuit Court, but which we held to be void in Noel v. Noel, 307 Ky. 122, 210 S. W. 2d 137. The opinion reversing the judgment in the Larue Circuit Court remanded the case for further proceedings consistent with the opinion, which entailed a decision on evidence to be introduced in support of and contrary to Mr. Noel's contention that he was the sole owner of certain real property conveyed to him and his wife jointly, and which was sold in this action under judicial decree. Appellant, bed and board divorcee of appellee, filed a motion to have the case transférred to the ordinary docket and for a trial of the issues by a jury. The Court overruled this motion, heard the case on oral testimony and depositions, and, after submission, rendered judgment declaring each of the parties to have been the owner of an undivided one-half interest in the real estate. Appellant filed motion and grounds for a new trial which motion was overruled, whereupon he was given until the last day of the next succeeding term of the Larue Circuit Court, viz., February 19, 1949, in which to file his bill of exceptions. Although appellee has cross appealed, the record fails to disclose that she filed motion for a new trial. On the last day for filing the bill of exceptions, appellant moved the Court to extend the time for filing the bill until March 10, 1949, which date was beyond the last day of the February term of Court. This motion was sustained over the objection of appellee who excepted to the ruling of the Court. The bill of exceptions was filed on the 10th day of March, 1949.

Appellee has filed her motion in this Court to strike from the record the bill of exceptions including the transcript of evidence, because the order extending the time beyond the last day of the term of Court succeeding that in which judgment was rendered was void as being in contravention of the provisions of Section 334 of the

Civil Code of Practice. An order sustaining this motion was entered on the 26th day of April, 1949; but since that order did not assign our reasons for sustaining the motion, and because we deem the question to be of sufficient importance as a guide in future litigation and it is necessary to deliver an opinion in the case in respect to other matters, we have concluded to discuss the question in this opinion.

Section 334 of the Civil Code of Practice provides that an extension of time to file a bill of exceptions may be granted by the Trial Court, but such extension may not be beyond a day in the term next succeeding that in which the judgment was entered. In construing this section of the Civil Code of Practice, this Court consistently has held its provisions to be mandatory, insofar as it precludes the Trial Court from extending the time for filing a bill of exceptions beyond a day certain in the next succeeding term. Hurley v. Greif, 272 Ky. 741, 115 S. W. 2d 284 and cases therein cited. Later cases include Napier v. Hurst-Snyder Hospital Company, 279 Ky. 378, 130 S. W. 2d 771 and Posey v. Board of Councilmen of City of Frankfort, 299 Ky. 210, 184 S. W. 2d 970. As recited in the opinions in the above cited cases, the authors of a few opinions have suggested or intimated " by way of precaution" that the provisions of Section 334, supra, may not rigidly be enforced where it is shown that failure to file the bill within the time originally allowed is the result of some casualty or misfortune beyond the control of the party moving for an extension. However, we have found no case which may be used as a guide to determine what is such a casualty or misfortune, although several of the decisions determine that the facts therein did not show such casualty or misfortune as to relieve the complaining party of the mandatory requirements of the Section. Neither do they here. The affidavits filed in support of the motion disclose merely that the official court reporter was unable to transcribe his notes by the last day of the February term because "of the press of other matters and by reason of the fact the affiant (court reporter) has taken shorthand notes of the evidence heard on about seven other trials in the Tenth Judicial District which he had been ordered to transcribe." Assuming, but not deciding, that the volume of work assigned to the court reporter would be an excuse under any circumstance, he

stated no fact substantiating his conclusion to that effect. Certainly his affidavit does not show the existence of such casualty or misfortune as was contemplated by the Court in suggesting possible relief from the otherwise mandatory provisions of the Civil Code of Practice. Beside this, we think that a party litigant should make some endeavor before having a case reported to determine whether the transcript of the evidence he orders to be reported can be made, in the ordinary course of events, in time to meet the requirements of the Code. Counsel for appellant in support of the motion made the statement that he was informed by the court reporter on the day judgment was entered that it was unlikely the reporter could transcribe the evidence in the time allowed by the Court. If that fact was learned by him on the day judgment was entered, it could have been learned by him before he engaged the reporter to report the case, and he then could, and should, have engaged another reporter to take the evidence and transcribe the notes.

Appellant next complains that the Chancellor erred in refusing to transfer the case to the ordinary docket, since the only issue remaining in the case after the first appeal was that of fact concerning the ownership of the real estate. There is no merit to this contention. The original answer was filed on the 16th day of October, 1946, in which the appellant alleged that appellee had obtained her right, title, and interest to the land in dispute by fraud practiced on appellant. The first amended answer was filed on the 29th day of May, 1946, in which appellant asked for an injunction, and the last amended answer was filed on August 2, 1948, in which he entered a plea of res adjudicata. Section 10 of the Civil Code of Practice provides:

"The defendant, by motion made when he answers, may have an equitable action transferred to the ordinary docket, if, according to the provisions of section 6, it should have been an ordinary action, and if the answer present a defense of which he is entitled to a jury trial."

In construing this Section of the Code we have held that failure to move that a common law action which was filed on the equity docket be transferred to the common law docket for trial in or before filing of the answer is a waiver of the right to transfer and is consent that the

Judge try the case without the intervention of the jury. Wilcox v. Lee, 264 Ky. 65, 94 S. W. 2d 294. The motion to transfer to the ordinary docket was made two years after the answer was filed, and appellant's first amended answer presented an equitable issue (fraud), which in itself would have fixed jurisdiction in a Court of Chancery, the second amended answer and counterclaim prayed for an injunction against appellee, which could be granted only by the Judge sitting as a Court in Equity; and the third and last amended answer and counterclaim merely pleaded a former adjudication which is cognizable either in a Court of Equity or Common Law. Had all the pleas contained in the amended answers and counterclaims been incorporated in the original answer and counterclaim, and a motion therein made to transfer to the common law docket, the Court would have been without authority to sustain the motion; more specially was it proper for him to overrule it since it was made approximately two years after the filing of the original answer.

Appellant next complains that the Court erred in sustaining the demurrer to his plea of res adjudicata. After the filing of the mandate issued by this Court on the first appeal, appellee filed an amended petition alleging that she was the owner of one-half of the real estate theretofore claimed by her, and, in addition thereto, one-half of the personal property owned by appellant by reason of a partnership agreement between the parties. In pleading res adjudicata, appellant contends that this changed the cause of action, and since the partnership contention was not alleged in the original petition but could have been, the decision on the former appeal was an adjudication not only of the matters raised but those which could have been raised as well. Appellant's argument in this respect is somewhat difficult to follow, and we must confess that we are not quite certain that we grasp the thought. But if what we have said is a fair statement of it, we think the Court did not err in sustaining a demurrer to the plea, because the judgment first appealed from was not entered on the merits of the case, but on appellee's plea of res adjudicata, under the erroneous, although to the Chancellor logical, conclusion that the rights of the parties in respect to the matter under litigation had been conclusively determined by the Clark Circuit Court. Since the judgment formerly ap-

pealed from was, in effect, a refusal of the Chancellor to determine the rights of the parties as an original adjudication, the decision of this Court on the former appeal was not conclusive as to any matter which had, or might have, been presented in the pleadings or evidence in respect to the merits of the case.

The only question remaining for our consideration on the appeal proper is whether the pleadings support the judgment. Johnson et al. v. Hall Hotel Company, 306 Ky. 140, 206 S. W. 2d 490. Appellee alleged that she was the owner of an undivided one-half interest in the property described in the petition. Appellant denied this allegation. The Court adjudged that she was the owner of the one-half interest. It is obvious that the pleadings support the judgment.

Appellee has cross appealed on the gorunds that the Court erred; (1) in refusing to permit her to file an amended answer to conform to the proof; (2) in failing to award her the proceeds of sale of all the property as prayed in the tendered pleading; and, (3) in failing to adjudge her to be entitled to one-half of all of appellant's property, real and personal, under her allegation, which she contends is supported by the evidence, that the parties were partners. We cannot determine whether or not the Court erred in respect to any of these contentions, since a decision on each would require a review of the evidence, which appellee herself has caused to be stricken from the record. Moreover, where the bill of exceptions or transcript of evidence is not a part of the record, we will presume that the evidence supports the judgment. Johnson et al. v. Hall Hotel Company, supra.

The judgment is affirmed on both the appeal and the cross appeal.