## TYLER et al. v. KEENEY et al.

Court of Appeals of Kentucky.

Feb. 8, 1952.

Rehearing Denied March 21, 1952.

W. H. Hooks, Diederich & Lycan, Ashland, for appellants.

C. A. Pepper, Princeton, for appellees.

SIMS, Justice.

This action in ejectment was instituted by appellants to recover from appellees two improved and adjacent lots in the town of Princeton. The trial resulted in a hung jury. Immediately after the jury was discharged the parties agreed that the case be submitted to the trial judge, who subsequently wrote an exhaustive opinion wherein he gave judgment in favor of appellees.

Appellants argue many grounds for reversal, but at the outset we are met with a

motion by appellees to strike from the record all testimony contained in the reporter's transcript of the evidence, together with all exhibits filed therewith, because neither a motion for a new trial nor a bill of exceptions was filed. In their brief resisting this motion, appellants argue that the parties may elect to try an ordinary action in equity and where they do, it will be treated on appeal and be disposed of on its merits as an equity action. They cite several cases such as Toms v. Holmes, 294 Ky. 233, 171 S.W.2d 245; Belcher v. Adkins, 279 Ky. 680, 132 S.W.2d 52; Williams v. Denny, 238 Ky. 662, 38 S.W.2d 668. These authorities fully sustain appellant's proposition of law but the facts in this case are such as to prevent the rule applying.

The record shows this trial started on March 13, 1950, and the jury received the case on the following day. Being unable to reach a verdict on the 14th, the jury was brought back on the 15th when it was discharged as "hopelessly hung". An agreed order was entered on that same day to the effect that the reporter would write up the testimony heard by the jury and the case be submitted to the court, "he to make the decision and judgment without any jury". Instead of this being treated throughout as an equity action, it was tried at common law and when the jury failed to agree, the cause was submitted to the trial judge for a decision without a jury as an action at law and not one in equity. The familiar rule in this jurisdiction is, where the law and the facts are submitted to the court a motion and grounds for a new trial are necessary in order to obtain a review by this court of the alleged errors. Helm v. Coffey, 80 Ky. 176, 3 Ky.Law Rep. 677; First National Bank v. Williams Feed Co., 214 Ky. 31, 282 S.W. 551; Southeastern Gas Co. v. Ferguson, 269 Ky. 162, 106 S.W. 2d 144.

Here, the appeal is prosecuted without motion for a new trial or a bill of exceptions and the only thing for our determination is, do the pleadings support the judgment? Johnson v. Hall Hotel Co., 306 Ky. 140, 206 S.W.2d 490; Viall v. Coulton, 288 Ky. 690, 157 S.W.2d 302. Turning to the pleadings, the petition as amended avers appellants took title to the property described therein from their uncle, William Crump, through their mother, both of whom died intestate and appellants are their sole heirs. The answer as amended denied appellants' title and asserted appellees had title and possession of the property. It is manifest that without proof appellants could not succeed in this action, therefore the pleadings support the judgment for appellees.

Appellants insist that the general denial of appellees was not effective against the title they set out in the deeds filed with their petition. True, a public record may not be attacked by a general denial, Daisy Realty Co. v. Brown, 35 S.W. 637, 18 K.L.R. 155, Peak v. Akins, 237 Ky. 711, 36 S.W.2d 351; but here the general denial was not of the deed by which appellants' grandfather held title, but was of the fact that appellants were his heirs and inherited the property from him through their mother.

The judgment is affirmed.